[No. 13291.  Department Two.  July 5, 1916.]

RALPH S. HOPKINS, *Respondent*, v. AMERICAN FIDELITY COMPANY, *Appellant*.[1]

INSURANCE—INDEMNITY POLICY— CONSTRUCTION — BREACH OF CONDITIONS BY ASSURED. A condition in an automobile indemnity policy to the effect that the assured shall "not interfere in negotiations for compromise" between the company and any claimant against the assured for injuries, is not breached by the action of the assured in mentioning to the latter the fact of his insurance, and that the lawyer who would call upon him represented the insurance company and not the assured.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 8, 1915, upon findings in favor of the plaintiff, in an action on a policy of indemnity insurance, tried to the court. Affirmed.

*Douglas, Lane & Douglas*, for appellant.

*C. H. Winders*, for respondent.

[1]Reported in 158 Pac. 535.

Bausman, J.—Plaintiff sued upon an automobile indemnity policy, during the term of which he had incurred a liability. The insuring company undertook the defense, but afterwards disclaimed it on the ground that plaintiff had withheld the name of a material witness and had meddled in a settlement contrary to express provisions requiring his assistance and information as well as forbidding his interfering in compromises.

Whether plaintiff did withhold the witness' name is in flat contradiction, so we shall not on that disturb a finding that he did not violate the policy. As to the other point, it appears that the day after the accident Hopkins telephoned the claimant expressing his sympathy, stating that his attorneys would endeavor to get a settlement with the insurance company, and that he would call soon to see the claimant, whom he urged not to employ lawyers. The company's counsel protested against Hopkins having mentioned his being insured, and they sought an interview with the claimant themselves as his representative. Hopkins thereupon telephoned the latter that the lawyer coming, though he might call himself Hopkins', was not his but the insurance company's. Of this talk the company learned nothing at that time, and arriving at no settlement, they let the matter drop. Suit being subsequently begun by the claimant, the company took over the defense and, after filing pleadings, agreed on a compromise, but learning of Hopkins' second talk, they dropped the negotiations and withdrew from the case. Hopkins then took over the defense himself under stipulation making the proposed settlement available to him without prejudice to the company's disclaimed liability.

What constitutes "interference" it would be difficult to say, but we are satisfied that here there was none. It is obviously impossible for the assured to avoid conversation with the injured, their families, or their representatives. Indeed, the insurer himself must desire them to say what they can to reduce irritation. If they are then compelled to admit that

they are insured, the law will not forbid their admitting the truth, and as to their voluntarily telling it, that is saying little more than claimants know. The vast majority of those who own automobiles are thus insured, and nearly every claimant knows or believes that they are. Neither can we assume that even if claimants do not know or suppose this, they will be harder to deal with when they find it out. That will depend on whether the owner appears of ample means himself. About this nothing is disclosed here. As for Hopkins' in a degree discrediting the company's lawyer in the second message, language more explicit and positive than "interfere in negotiations for compromise" must be used to forbid what has occurred here. This is not the insured's meddling with settlements accepted or becoming a busybody about offers, of encouraging claimant to a stiff demand, or of secretly furnishing him useful facts.

Finding no breach we do not discuss, what the briefs have not raised, whether in any event a breach of this condition subsequent could be raised as a total release from the policy, either under its own terms or our insurance statutes.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.