241 F.2d 14
 COMMERCIAL STANDARD INSURANCE COMPANY, a corporation, Appellant,
v.
Marjorie READNOUR, Burnis Auvern Nichols, Loyd Dick Smith, L. D. Nichols, W. O. (Sam) Thompson and Raymond McClendon, Appellees.
 No. 5382.
 United States Court of Appeals, Tenth Circuit.
 December 28, 1956.
 
 Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., were with him on the brief), for appellant.
 James Z. Barker, Clinton, Okl. (Arney & Barker and Max Cook, Clinton, Okl., were with him on the brief), for appellees.
 Before BRATTON, Chief Judge, and MURRAH and LEWIS, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 This is an appeal from the judgment of the United States District Court for the Western District of Oklahoma holding that appellant, Commercial Standard Insurance Company, a corporation,[1] was obligated to defend a suit filed in the State Court of Custer County, Oklahoma, in which appellees Readnour and Smith appear as plaintiff and defendant respectively.
 
 
 2
 In its amended complaint, filed under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, the company alleged that it had issued a policy of public liability automobile insurance to Nellie Armstrong as the named insured and defining the insured as including the named insured and also "any person while using the automobile or any person legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." The policy further provided:
 
 
 3
 "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."
 
 
 4
 On December 10, 1954, Nellie Armstrong, the named insured, granted permissive use of the automobile to her grandson, appellee Loyd Dick Smith. While Smith and appellee Marjorie Readnour were the sole occupants of the car an accident occurred which gave rise to the State Court claims of Readnour against Smith. The other appellees also made claims against Smith as a result of the same accident.
 
 
 5
 On December 14, 1954, Smith gave a statement to the insurance company in which he said that he had received a severe blow on the head as a result of the accident in question and could not remember who was driving the car at the time of the accident. On December 19th he signed a further statement in which he asserted that his memory had returned and that he now well knew all the details of the accident (which he set forth) and that Marjorie Readnour had been driving the car at the time of the accident.
 
 
 6
 During the progress of discovery procedures in the Oklahoma State Court case Readnour and Smith each swore under oath that the other was driving the automobile involved. The instant case was then filed, the company asserting that its named insured had expressly limited the permissive use of the automobile to Smith and that as a consequence it should not be required to defend the action pending in the state court because (a) if Readnour were driving she was not an "insured", and (b) if Smith were driving he had breached the cooperation clause of the insurance policy by falsely representing to the company the facts of the accident.
 
 
 7
 The matter was tried to the court sitting with a jury. Readnour and Smith each testified that the other was driving. Each offered supporting evidence. At the conclusion of the testimony the trial court submitted a single interrogatory to the jury:
 
 
 8
 "Who was driving the automobile at the time of the accident on December 10, 1954, in which Marjorie Readnour was injured: Loyd Dick Smith or Marjorie Readnour?"
 
 
 9
 The jury answered: "Loyd Dick Smith."
 
 
 10
 When the jury's verdict was returned counsel for the company moved for favorable judgment as a matter of law upon the ground that the jury's verdict, while determining that Smith was an "insured" under the policy, established conclusively that the cooperation clause had been breached as Smith had falsely represented to the company the most fundamental fact of the accident — namely, who was driving the car at the time of the accident. This motion was denied. Subsequently, the company requested the court to enter a finding of fact that Smith had breached the cooperation clause and offered in evidence, for the first time, the December 19th statement given by Smith to the company. Objection to the offer upon the ground of irrelevancy was sustained and judgment adverse to the company was entered.
 
 
 11
 Appellant first cites error in the refusal of the trial court to find a breach of the cooperation clause as a matter of law relying upon United States F. & G. Co. v. Wyer, 10 Cir., 60 F.2d 856, certiorari denied 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 560, and Buffalo v. United States F. & G. Co., 10 Cir., 84 F.2d 883, 885. We are of the opinion the instant case is distinguishable on the facts.
 
 
 12
 The Wyer and Buffalo cases involve the same facts. The insured represented to his insurance company that the insured vehicle had been stolen prior to the accident and that he was not even present at the scene of the accident. He disclaimed any and all participation in the accident or knowledge of it. The facts were otherwise, and this court held that as a matter of law the insured's representations breached the cooperation clause of his policy for reasonable minds could reach only one conclusion: such gross falsehoods could not be the result of honest mistake and could only show a willful intent to mislead and defraud the insurance company. When the evidence is capable of only one interpretation no factual issue exists and it is the duty of the court to so hold.
 
 
 13
 But a breach of the cooperation clause does not follow as a matter of law from a false representation and a repudiation by the fact finder of the insured's version of the accident does not void the policy of insurance. What constitutes lack of cooperation on the part of the insured, within the meaning and effect of the cooperation clause, is itself generally a question of fact for the jury where reasonable minds can come to more than one conclusion.[2] As stated by this court in the Buffalo case, supra:
 
 
 14
 "We do not construe the Wyer Case as enabling a company to avoid liability simply because a jury does not accept the insured's version of the accident, nor if the insured is honestly mistaken in his statements as to the accident or omits therefrom some relevant circumstance."
 
 
 15
 In the instant case the jury's findings established the fact that Smith's testimony and representations to the company were false but the verdict did not negative the possibility of honest mistake upon the part of Smith. The cooperation clause may be breached by a deliberate false representation that another was driving the car; the clause is not breached by a mistaken false representation.
 
 
 16
 Certain circumstances present in this case could tend to establish that Smith is simply mistaken. The record reveals that he did not and does not now repudiate his statements; that he has put forth considerable personal effort and gone to some private expense to corroborate his version; that he suffered a severe head blow and had a memory blackout the effect of which is speculative. Other circumstances tend to indicate the contrary. His representations were false in fact and yet given in considerable detail; he faces serious damage claims that his version, if accepted, may defeat. It is for the trier of the facts to determine wherein lies the truth. No findings were made on this phase of the case nor was the issue submitted to the jury; the cause must be remanded for a new trial.
 
 
 17
 The judgment is accordingly vacated and the cause remanded for a new trial of the issues.
 
 
 
 Notes:
 
 
 [1]
 Hereinafter called the company. The appellant insurance company is a Texas corporation and each of the appellees is a resident of Oklahoma. Appellees attack the jurisdiction of the District Court to hear this controversy claiming that the interest of appellee Smith was substantially the same as that of the insurance company and that therefore Smith stands in the position of a party plaintiff. If that were so then the requisite diversity of citizenship would not exist. The subsequent discussion of the actual controversy between the insured and insurer negatives this contention. Till v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405
 
 
 [2]
 Metropolitan Casualty Ins. Co. of New York v. Blue, 219 Ala. 37, 121 So. 25; Hopkins v. American Fidelity Co., 91 Wash. 680, 158 P. 535; Francis v. London Guarantee & Accident Co., 100 Vt. 425, 138 A. 780; Seltzer v. Indemnity Ins. Co. of N. A., 252 N.Y. 330, 169 N.E. 403