Carroll,
No. 4669.

AMERICAN EMPLOYERS INSURANCE COMPANY

*v.*

RICHARD F. STERLING & a.

Argued November 5, 1958.
Decided November 28, 1958.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Kimon S. Zachos* (*Mr. Zachos* orally), for the plaintiff.

*James J. Kalled* and *Philip J. Ganem* (*Mr. Ganem* orally), for the defendant Sleeper.

The defendant Sterling furnished no brief.

DUNCAN, J. The first notice of the accident of August 21, 1955, which was received by the plaintiff was a letter from counsel for the defendant Sleeper stating that counsel had been retained to recover damages arising out of an accident involving Sterling which had occurred at Wolfeboro on the date mentioned. This letter was received on October 18, 1955.

The defendant Sterling had been arraigned on September 2, 1955, on a charge of operating a motor vehicle while under the influence of intoxicating liquor, to which he pleaded guilty. He filed no accident report until October 21, 1955, and the Motor Vehicle Department thereupon sent the plaintiff form FR-21, detached from the Sterling report of the accident. This form called for its report as to the status of the insurance policy. Sterling thereafter gave no notice to the plaintiff until its representative interviewed him on November 8, 1955.

Sterling testified at the trial that he first learned of the requirement that he file a motor vehicle report almost a month after the accident, when a representative of the motor vehicle department called to see him. He explained his failure to notify the plaintiff of the accident earlier upon the ground that the defendant Sleeper, who is his aunt, "was in the hospital and I didn't know how badly she was hurt or how much it was going to cost, and I understood that at the time that you had to report to the insurance company how much everything was going to cost, the extent of the damage and so forth."

For the purpose of determining the issue presented, it may be assumed that the notice given by the defendant Sleeper's counsel on October 18, 1955, was notice "given . . . on behalf of the insured"

within the meaning of the policy (*Simmon* v. *Iowa Mutual Casualty Co.*, 3 Ill. (2d) 318) and that notice was therefore given fifty-eight days after the accident.

The testimony of the insured established that he was aware of his duty to notify the company, but sought to justify his failure to do so prior to November 8, 1955, upon the ground that the extent of the injury and the amount of the medical bills were unknown to him. This cannot be considered to have justified delay in furnishing those particulars which were required. The insured must be presumed to have had knowledge of the terms of his policy. *Fitch Company* v. *Insurance Company*, 99 N. H. 1, 4.

A policy requirement that notice of the accident be given "as soon as practicable" is commonly considered to require notice as soon as is reasonably possible under the circumstances of the case. *Lennon* v. *Amer. Farm. Mut. Ins. Co.*, 208 Md. 424; *Deso* v. *London & Lancashire Ind. Co.*, 3 N. Y. (2d) 127. See anno. 18 A. L. R. (2d) 443, 464-5. See also, *Hatch* v. *Hooper*, 101 N. H. 214, 218. Whether the requirement has been satisfied is ordinarily a question of fact, and extenuating circumstances may be considered in determining whether delay in giving notice was reasonably excusable. *Farm Bureau Ins. Co.* v. *Manson*, 94 N. H. 389.

The defendant Sterling was well aware of the accident at the time of its occurrence, claimed no uncertainty as to whether a claim might arise, and recognized his duty to notify the company. There was no evidence of any reason to charge the plaintiff with responsibility for his erroneous assumption that the notice must give particulars concerning the damages; and there was no evidence to warrant a finding that this assumption was reasonably made. *Cf. Farm Bureau Ins. Co.* v. *Manson, supra*.

The facts being undisputed and no justification for delay appearing, the question of whether there was compliance with the terms of the policy was one of law. *Depot Cafe Inc.* v. *Century Indemnity Co.*, 321 Mass. 220. No evidence supported the finding made below that notice was given as soon as practicable, and the undisputed facts require a contrary holding. *Weller* v. *Atlantic Casualty Ins. Co.*, 128 N. J. L. 414; *Vanderbilt* v. *Indemnity Ins. Co.*, 265 App. Div. (N. Y.) 495; *Deso* v. *London & Lancashire Ind. Co., supra*, 130; *Depot Cafe Inc.* v. *Century Indemnity Co., supra*. Anno. 18 A. L. R. (2d) 443, *supra*, 467. It follows that the plaintiff is not obligated to indemnify the insured to the extent of the ten-thousand-dollar limit of the policy. The findings and the decree of the Trial Court are therefore set aside.

Because of the requirements of the Financial Responsibility Law, however, the plaintiff concededly is bound to furnish coverage within the statutory limit of $5,000. RSA 268:19. *Merchants &c. Cas. Co. v. Tuttle*, 98 N. H. 349, 354; *Farm Bureau Ins. Co. v. Martin*, 97 N. H. 196, 202.

The issue of the insured's duty to reimburse the company is not determinable in these proceedings over the objection of the defendants, since no claim of a right to reimbursement can presently be made. *Continental Ins. Co. v. Charest*, 91 N. H. 378, 379. *Cf. Milwaukee Ins. Co. v. Morrill*, 100 N. H. 239, 243.

Judgment should be entered in favor of the defendants declaring that the plaintiff is obligated to indemnify the defendant Sterling against liability for personal injuries suffered by the defendant Sleeper within the statutory limit of $5,000.

*Remanded.*

All concurred.