Raymond **TIERNEY**, Plaintiff,

v.

**SAFECO INSURANCE COMPANY OF
AMERICA, a Corporation,
Defendant.**

Civ. No. 62–425.

United States District Court
D. Oregon.

April 16, 1963.

Kenneth E. Roberts, of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

William M. Dale, Jr., of Hicks, Davis, Tongue & Dale, Portland, Or., for defendant.

KILKENNY, District Judge.

The parties are in entire agreement on the facts in this case. My decision must rest on a proper application of the law to those agreed facts, including exhibits, and the inferences to be drawn therefrom. This procedure necessarily includes a proper construction of the insurance policy on which plaintiff bases his case.

Robert Martin, then a resident of the State of Washington, purchased from defendant in said State, a policy of public liability insurance, which policy was delivered in said State, on or prior to the

7th day of August, 1960. Said policy insured Martin against liability for personal injury or property damage arising out of the operation of an automobile, and had limits in excess of the amount of the judgment hereinafter mentioned. On August 7, 1960, while said policy was in effect, a collision occurred on U. S. Highway 30, in the State of Oregon, between an automobile in which plaintiff was riding and the automobile owned by Martin, the named insured. The automobile was operated by one Asbury and at the time of the accident Martin was riding as a passenger, having consented to the operation thereof by Asbury. As a result of the accident plaintiff received certain personal injuries.

On or shortly after that date defendant was notified that Martin was involved in the accident, and proceeded to investigate. On August 11, 1960, defendant obtained a written statement from Martin in which he stated that one Manley was driving the automobile at the time of the accident. On October 10, 1960, defendant obtained a written statement from Asbury in which he stated that Manley was driving the Martin automobile at said time.

On April 16, 1961, an attorney representing plaintiff, notified defendant that a statement had been obtained from Asbury in which he stated that he was the driver of the Martin automobile at the time of the occurrence. On May 6, 1961, an action was commenced by plaintiff in the Oregon courts, which action was later removed to this court, in which action plaintiff was the plaintiff and Martin and Asbury were defendants.

After the commencement of said action and on the 20th day of May, 1961, defendant obtained another written statement from the assured, Martin, in which he stated that he was driving the automobile and that Manley was not driving. On May 26th of the same year, Asbury gave defendant another statement in which Asbury said that neither he nor Manley was driving the car, but that the same was driven by Martin. On March 21, 1962, Asbury gave defendant another statement in which he said that he was driving the Martin car at the time of the accident and that it was not driven by Manley or Martin.

Shortly before Martin's deposition was taken in this court and on January 12, 1962, he admitted to one of the attorneys for defendant that he, Robert Martin, was not driving the automobile at the time of the accident and that in truth and in fact Asbury was the driver. Between the date of the accident on the 7th day of August, 1960, to the 12th day of January, 1962, the assured Martin had failed to give the defendant a true statement of facts with reference to whom was driving the vehicle at the time of the accident. When placed under oath at the time of the taking of the deposition Martin testified that Asbury was in truth and in fact the driver.

The defendant agreed to defend the action filed by plaintiff against Martin and Asbury under and pursuant to non-waiver agreements and reservation of rights letters with the understanding that the defendant did not waive any of its rights whatsoever to decline coverage under the policy.

After obtaining the original statement from Martin, defendant proceeded with its investigation of the accident and obtained written signed statements from various witnesses, including the signed statements from the plaintiff and his son, who was driving plaintiff's automobile at the time of the accident. Generally speaking, all statements obtained from Martin and Asbury were complete and accurate except as to the name of the driver of the Martin automobile.

Based on the facts uncovered in the investigation, defendant in that action and the attorneys defending that case, arrived at the conclusion that the plaintiff's claim was one of legal liability and that the only question to be resolved was the amount of plaintiff's damages and expenses.

Following the taking of the deposition, settlement negotiations were conducted between counsel for plaintiff and counsel for the insurance carrier, but they were

unable to arrive at a mutually acceptable figure.

The action pending in the United States District Court for the District of Oregon came on for trial and on the 10th day of July, 1962, a jury returned a verdict in favor of plaintiff and against defendants Martin and Asbury for the sum of $9,650.00, which judgment was entered on the Verdict on said date and which included the plaintiff's costs and disbursements in the sum of $226.36.

The Pre-Trial Order in the action then pending in this court was filed in April, 1962, and such Order declared as an admitted fact that Martin was the owner and Asbury was the operator of the automobile at the time of the accident. No evidence was offered during the course of the trial as to any prior contradictory statements by either Martin or Asbury. The only evidence brought to the attention of the jury as to the operator was the admitted fact above mentioned. At the conclusion of the trial, The Honorable Gus J. Solomon, Presiding, instructed the jury that the evidence conclusively established liability of Martin and Asbury.

The policy of insurance, among other things, provides:

3. "In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to Safeco or any of its authorized agents as soon as practicable."

5. "The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance."

\* \* \* \* \* \*

"Persons Insured: The following are insureds under the liability section: (a) With respect to the owned automobile (2) Any person using such automobile, provided the actual use thereof is with the permission of the named insured."

\* \* \* \* \* \*

"Insured means a person or organization described under 'person insured'."

\* \* \* \* \* \*

6. "ACTION AGAINST SAFECO: No action shall lie against SAFECO until after full compliance with all of the terms of this policy nor, under coverages 1A, (bodily injury liability) . . ., until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or \* \* \*"

### DEFENDANT'S CONTENTIONS

Defendant seeks to avoid liability on the policy for either the amount of the judgment or for attorney fees on the following grounds:

(1) That the failure of Martin and Asbury to advise defendant of the true identity of the driver of the automobile at the time of the accident, and, until after the original action was commenced, constituted a material breach of the cooperation and notice provisions of the policy, Conditions 3 and 5 above mentioned, and

(2) In any event, the plaintiff is not entitled to recover attorney fees.

■ (1) As Federal jurisdiction in this case is grounded on diversity and the insurance policy made, executed and delivered in Washington, the policy must be interpreted in accordance with the laws of that State. Prudential Ins. Co. of America v. Winn, 71 F.2d 126 (9 Cir., 1934); Gilkey v. Andrew Weir Insur-

ance Company, Ltd., 291 F.2d 132 (9 Cir., 1961).

The Courts are divided in their construction and interpretation of notice and cooperation clauses in insurance policies:

(1) A majority of the courts liberally construe these clauses in favor of the insured and hold that the insured's violation of such clauses constitutes a defense only where it can be shown that such violation substantially prejudiced the insuror.

(2) Some courts hold that the doctrine of substantial prejudice is not to be used where the language of the policy makes full and complete compliance a condition precedent to the institution of an action but even under such a policy the breach of the notice or cooperation clause must be substantial and material.

(3) Other courts have held that the question of actual harm or probable effect of the breach of the cooperation clause is entirely immaterial, and, have entirely rejected the doctrine of substantial prejudice.

The highest courts in Washington, in my analysis of the decisions, have applied the doctrine of substantial prejudice in cases where the policy did not make compliance with the notice or cooperation clauses conditions precedent to the institution of an action, and, have applied the rule of a material and substantial breach where compliance is a condition precedent to the institution of an action.

■ That the courts of that state require the insured to make a full, frank and truthful disclosure of information for the purpose of enabling the insurer to *determine whether there is a genuine defense* is beyond question. Hopkins v. American Fidelity Co. (1916) 91 Wash. 680, 158 P. 535; Hilliard v. United Pacific Casualty Insurance Co. (1938), 195 Wash. 478, 81 P.2d 513.

Since the defendant has contended that the law of the State of Washington is applicable, and, since I agree with that contention, we must look to that law for a proper construction of the language of the policy.

The unusual language of the policy, here in question, is of great importance. Nowhere in the policy do you find language which would make a breach, even though substantial and material, an ipso facto cancellation of the policy. The provision with reference to compliance reads: "No action shall lie against Safeco *until after full compliance* with all of the terms of· this policy * * *". The present action was not instituted *until after full compliance* by both the insured and the driver. If there is uncertainty or ambiguity in this particular phrase it must be interpreted most strongly against the insurer. Clow v. National Indemnity Company, 54 Wash. 2d 198, 339 P.2d 82. This particular language falls far short of stating that a violation of a specified provision of the policy would, of itself, void the instrument. If such had been the intention of the parties, the policy should have so declared in clear and unmistakable terms.

■ Under Washington law, an insurance policy will be liberally construed in favor of the object to be accomplished and conditions and provisions therein will be strictly construed against the insurer. Reserve Life Insurance Co. v. Marr, 9 Cir., 254 F.2d 289, cert. den., 358 U.S. 839, 79 S.Ct. 63, 3 L.Ed.2d 74. A provision in an insurance policy which is capable of two constructions should be construed in favor of the insured and most strongly against the insurer. Davis v. North American Accident Insurance Co., 42 Wash.2d 291, 254 P.2d 722. Selective Logging Company v. General Casualty Company of America, 49 Wash. 2d 347, 301 P.2d 535.

The research of counsel and of the Court has revealed only one Washington case, Taxicab Motor Co. v. Pacific Coast Casualty Co., 73 Wash. 631, 132 P. 393 (1913) in which false statements were involved. In that case the insured's testimony at the coroner's inquest was in conflict with his testimony at the time of the trial. The testimony before the

594

coroner was used for impeachment purposes at trial time. In passing on the question the Court held that there was no evidence of a wilful falsification and went on to say "[n]or is it shown that it in any way affected the verdict of the jury. Clearly under such circumstances it would be a harsh remedy to avoid the policy." By the use of this language the Washington Supreme Court employed the doctrine of substantial prejudice. McGillicuddy v. New Brunswick Fire Insurance Co., 126 Wash. 201, 217 P. 1000 (1923), the Court, in an action on a fire insurance policy, held that the mere lack of literal compliance with the provisions of the policy was insufficient to avoid liability.

In Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072, the defendant insurance company proved that the insured had deliberately failed to attend the trial. The insured was a necessary and vital witness. The court held that the insured's failure to attend the trial and there disclose the facts known to him regarding the accident was a substantial breach of the contract of insurance and, therefore, barred any recovery on the policy, even by the judgment creditor. Although the doctrine of substantial prejudice is not mentioned, it is employed. Another case in which the insured failed to appear at the time of the trial is Lienhard v. Northwestern Mutual Fire Association, 187 Wash. 47, 59 P.2d 916. Lienhard is an example of the liberality of the Washington Court where the insured substantially complies with the policy terms. In that case the insured, at the time of the trial, was working in California and could not make the trip to Washington without suffering heavy financial loss. After some correspondence the insurance company attorneys advised the insured that they would pay only his traveling expenses and would not pay for his loss of time. The insured did not appear at the time of trial. The Washington Court turns to and adopts a decision of the Supreme Court of Alabama in George v. Employers Liability Assurance Corporation Ltd., of London,

England, 219 Ala. 307, 122 So. 175, 176, 72 A.L.R. at 1438, to justify its holding that the insured's failure to appear at the trial was neither a substantial or material breach of the cooperation clause of the policy.

The question of whether notice was given within a reasonable time was involved in Sears, Roebuck and Co. v. Hartford Accident & Indemnity Co., 50 Wash. 2d 443, 313 P.2d 347. In that case the insured delayed notifying the insurer of a pending action for a period of approximately thirteen months. The court distinguishes cases such as Shirley v. American Automobile Insurance Co., 163 Wash. 136, 300 P. 155, where the doctrine of substantial prejudice was again employed, on the ground that the policy involved in that case did not contain a provision which made a compliance with policy provision a condition precedent to an action. I quote from the Opinion: "The policy involved places the Shirley case in a classification where notice is not a *condition precedent*, and the fact of prejudice can become an issue. It is clearly distinguishable on that basis from the present case." (Emphasis supplied) Although the Court holds that the delay of over thirteen months after the Complaint and Summons were served was an unreasonable delay, it does recognize that substantial compliance with the terms of the policy is all that is necessary. In Shirley, as in the present case, the policy did not, in express terms, declare that it should be forfeited for a breach of conditions. This case calls attention to the well established rule that forfeitures are not favored, either in law or in equity, and should not be enforced unless the right thereto is clear and certain.

Hilliard v. United Pacific Casualty Insurance Co., 195 Wash. 478, 81 P.2d 513 (1938) throws some light on the treatment given this type of a case by the Washington Supreme Court. In that case the insured had made an erroneous statement as to the nature of an agreement under which a certain motor truck had been loaned. It was claimed that

this was a breach of the cooperation clause. The Court defined "cooperation" to mean such disclosure as will enable the insured to determine whether it has a defense and that a "reasonably strict compliance" with the cooperation provision is all that is required.

The last Washington case on the subject is Van Dyke v. White, 55 Wash.2d 601, 349 P.2d 430 (1960) in which it is again held that the doctrine of substantial prejudice cannot be involved where substantial compliance with the notice and cooperation clauses of an insurance policy are specifically made conditions precedent to the institution of an action. In that case the insured *deliberately refused* to appear, aid or testify at the time of the trial and offered no excuse for his conduct. The Court said that "[t]he breach of the cooperation clause is clear and beyond the range of legitimate controversy." Washington follows the well established legal precept that conditions precedent are not favored by the courts. Superior Portland Cement, Inc. v. Pacific Coast Cement Co., 33 Wash.2d 169, 205 P.2d 597, 616.

■ A careful study of the Washington cases will disclose that the only occasions on which the Washington courts refused to enforce the insurance contracts were those, (1) where substantial prejudice was shown, or, (2) where performance of the provisions as to notice and cooperation was *specifically made a condition precedent* to any action against the insurer on the contract of insurance. (Emphasis supplied)

Thus, it is manifest that the Washington Court has adopted the doctrine of substantial prejudice, or its equivalent, in all cases where the breach of the policy is not made a *condition precedent by explicit language,* and even in those cases the breach must be substantial and material.

■ The fact that the insured may have "panicked" for reasons with which we are not concerned, and deliberately supplied the name of a non-existing driver should not deprive him, nor those claiming under him, of the benefits of his insurance contract as long as he eventually complied, in a substantial manner, with the terms and provisions of the contract. This reasoning is in line with the decisions in the above cases. The same reasoning is applicable to both the notice and cooperation requirements of the policy. The defendant was notified and made a full and complete investigation of the accident and determined that there was liability long prior to the commencement of an action. The record is clear that the defendant and the driver from the time of taking of depositions, many months in advance of the trial, fully and completely cooperated with the defendant. The Washington Supreme Court, in my opinion, if faced with the precise problem would employ the doctrine of substantial prejudice. On the facts before me, I find that there was a substantial compliance with the policy terms by the insured and his driver and that, on the entire record, the insurer suffered no prejudice, substantial or otherwise. Furthermore, I find that, on this record, the breaches were neither substantial nor material.

## ATTORNEY FEES

■ (2) Plaintiff seeks an allowance of attorney fees under the provisions of ORS 736.325 [1]. Defendant argues that

1. ORS 736.325
   "Recovery of attorney's fees in action on policy.
   "(1) If settlement is not made within six months from the date proof of loss is filed with an insurance company or fraternal benefit society and a suit or action is brought in any court of this state upon any policy of insurance of any kind or nature, including a policy or certificate issued by a fraternal benefit society as

defined in ORS 740.010, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such suit or action, then the plaintiff, in addition to the amount that he may recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees.
   "(2) If attorney fees are allowed as herein provided and on appeal to the Supreme Court by the defendant the judg-

the insurance contract being made, executed and delivered in the State of Washington the right to attorney fees must be controlled by the laws of that state. Washington has no statutory provision for attorney fees in this type of case. Counsel argues that the award of attorney fees under the Oregon statute in connection with the enforcement of the Washington contracts would be nothing less than an unconstitutional impairment of that contract. Aetna Life Insurance Company v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342, cited by defendant, supports that position. The decision in the Aetna Life case was correct on its facts. The Texas statute not only allowed an attorney fee, but also imposed a penalty against insurance companies. The decision must be limited to those facts. Subsequent decisions have eroded the effect of Aetna to the extent that it is of little, if any, help to me on the present problem. To be kept in mind, is the fact that the insurance policy in question covered accidents in the State of Oregon and all other states, and, that the accident, in fact, did occur in Oregon. Obviously, the parties to the insurance contract contemplated that the insured automobile would be used in the State of Oregon, that an accident might occur and an action might be instituted against the insured in that state. In this factual field, the constitutional problem arising in Aetna is of no concern. Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L. Ed. 1183. The Oregon statute is compensatory and not penal in nature. Hagey v. Massachusetts Bonding & Insurance Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346. This circuit has held that

the Oregon statute is an incident to the remedy and attorney fees are recoverable in Federal Court. Horwitz v. New York Life Insurance Co., 80 F.2d 295, 302 (9 Cir., 1935).

Defendant's counsel, as an alternative, makes an able and convincing argument that the statute was intended to cover only a circumstance where the insured personally instituted an action on the policy, and was never intended to cover an action by a third person, such as plaintiff. He points to the fact that the statute requires the filing of a proof of loss with the insurance company and that a proof can be filed only by the insured. Frankly, if this was a matter of first impression, the defendant's argument would be persuasive. Be that as it may, the fact remains that the Oregon Supreme Court, on at least two occasions, has permitted the recovery of attorney fees under a state of facts similar to, if not identical with, the facts here presented. Denley v. Oregon Automobile Insurance Co., 151 Or. 42, 47 P.2d 245, 47 P.2d 946 (1935); Whitlock v. United States Inter-Insurance Association, 138 Or. 383, 6 P.2d 1088 (1932). True enough, the Oregon Court did not discuss the precise question raised by defendant, and that Court could well reexamine the question and arrive at a different conclusion. Presently, however, the Oregon law permits a recovery of attorney fees by a person in the position of plaintiff and I have no alternative but to follow that law. For that matter, I could construe ORS 736.325 in pari materia with ORS 736.320 [2], and permit the allowance of attorney fees, without doing violence to traditional concepts of statutory construction. The amount of the fee to be allowed is limited to the

---

ment is affirmed, the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal."

2. ORS 736.320.
"* * * If any person or his legal representative shall obtain final judgment against the assured because of any such

injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of his policy applicable thereto."

services rendered in connection with the present case, rather than the services rendered in the original case. I find that $750.00 is a reasonable fee to be allowed in this action. This allowance, of course, does not preclude plaintiff's counsel from charging an additional fee against his client for the services rendered in this case, if any, which do not appear on the face of this record.

This Opinion shall stand as my findings on the issues of law and facts involved.