666

OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent*, v. HARVEY SALZBERG, *Defendant*, RALPH J. SIMPSON, *Appellant.*

*Philip L. Burton,* for appellant.

*David H. Olwell,* for respondent.

CALLOW, J.—The insured driver, Salzberg, and Simpson, his passenger, were defendants in an action brought by the insurer to secure relief from responsibility under an automobile insurance policy. The defendant-passenger alone appeals from a summary judgment granted the plaintiff-insurer. The summary judgment was granted on the ground that the insured had failed to cooperate with the insurer thereby relieving the insured of any duty to defend Salzberg against Simpson's claim for injuries suffered in an accident or pay any judgment entered on the claim.

The defendants Harvey Salzberg and Ralph Simpson were friends. On May 11, 1970, they went on a fishing trip in the North Bend, Washington, area. On the return trip to Seattle, Salzberg was driving his car with Simpson riding on the passenger's side. Near Mount Si, a mountain landmark near North Bend, the car went off a logging road and down an embankment. Simpson was injured. Salzberg later said that following the accident he was concerned about "losing my license and my insurance." The day after the accident with these motives in mind, he signed a written stolen car report to the sheriff's office and notified the insurer that the car had been stolen. After the wrecked car was recovered that same month, the insurance company paid Salzberg $1,280 on the stolen car claim and closed its file. In August 1970, Simpson's attorney notified the insurer that a claim for personal injuries was being made against Salzberg arising out of Salzberg's operation of the automobile. On September 2, 1970, Salzberg admitted the previously false statements to the insurance company and gave a complete statement of the actual occurrences.

Simpson brought suit against Salzberg in March 1971. Salzberg filed a general denial of the claim. An order has been entered staying proceedings in that suit. Later in 1971, the insurer filed a complaint against Salzberg and Simpson alleging that Salzberg, with the knowledge of Simpson, had filed the false stolen car report, had recovered funds from the insurer under the theft provision of his policy, that the acts of the insured were in violation of the terms of the policy, and that the acts of the insured had prejudiced the right of the company to investigate and determine the true facts of the accident and adjust any claim arising therefrom. The insurer prayed that it be relieved from defending under the policy. Simpson answered this complaint denying any knowledge of the false stolen car report. The trial court granted summary judgment to the insurer on its motion brought in this latter action. The order appealed decreed that the action of the insured was a violation of the cooperation clause of the policy as a matter of law and that the

acts of the defendant Salzberg relieve the plaintiff insurance company from defending or paying any judgment that the defendant Simpson may obtain against the defendant Salzberg . . . irrespective of any prejudice to the insurance company resulting from the false report of defendant Salzberg.

The cooperation clause in the policy reads as follows:

*Assistance and Cooperation of the Insured*—The insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy . . .

The record before us contains only the cooperation clause of the insurance policy but not the full policy. This confines our decision on the issues raised to an interpretation of the cooperation clause from the record presented.

■ Duties of an insured under a cooperation clause in an insurance policy were first discussed in Washington in *Taxicab Motor Co. v. Pacific Coast Cas. Co.*, 73 Wash. 631, 132 P. 393 (1913), where an officer of the insured made inconsistent statements that were claimed to violate the clause. The court declined to annul the protection of the policy for the insured since the officer did not falsify willfully but only mistakenly, and there was no showing of substantial prejudice. The *Taxicab Motor* case and many of the Washington cases that followed were analyzed in *Tierney v. Safeco Ins. Co. of America*, 216 F. Supp. 590, 595 (D. Ore. 1963),[1] and the court concluded:

[1]Most of the following cases were discussed in *Tierney v. Safeco: Van Dyke v. White*, 55 Wn.2d 601, 349 P.2d 430 (1960); *Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.*, 50 Wn.2d 443, 313 P.2d 347 (1957); *Hilliard v. United Pac. Cas. Ins. Co.*, 195 Wash. 478, 81 P.2d 513 (1938); *Lienhard v. Northwestern Mut. Fire Ass'n*, 187 Wash. 47, 59 P.2d 916 (1936); *Eakle v. Hayes*, 185 Wash. 520, 55 P.2d 1072 (1936); *Shirley v. American Auto. Ins. Co.*, 163 Wash. 136, 300 P. 155 (1931); *Koontz v. General Cas. Co. of America*, 162 Wash. 77, 297 P. 1081 (1931); *McGillicuddy v. New Brunswick Fire Ins. Co.*, 126 Wash. 201, 217 P. 1000 (1923).

A careful study of the Washington cases will disclose that the only occasions on which the Washington courts refused to enforce the insurance contracts were those, (1) where substantial prejudice was shown, or, (2) where performance of the provisions as to notice and cooperation was *specifically made a condition precedent* to any action against the insurer on the contract of insurance. (Emphasis supplied)

Thus, it is manifest that the Washington Court has adopted the doctrine of substantial prejudice, or its equivalent, in all cases where the breach of the policy is not made a *condition precedent by explicit language,* and even in those cases the breach must be substantial and material.

The Washington rule which requires a showing of substantial prejudice to the insurer from a material breach of the cooperation clause is supported by *Connell v. Indiana Ins. Co.,* 334 F.2d 993 (4th Cir. 1964); *State Farm Mut. Auto. Ins. Co. v. Palmer,* 237 F.2d 887, 60 A.L.R.2d 1138 (9th Cir. 1956); *American Fire & Cas. Co. v. Vliet,* 148 Fla. 568, 4 So. 2d 862, 139 A.L.R. 767 (1941); and *Oberhansly v. Travelers Ins. Co.,* 5 Utah 2d 15, 295 P.2d 1093 (1956). *See also* Annot., 139 A.L.R. 771 (1942), 98 A.L.R. 1465 (1935), 72 A.L.R. 1446 (1931).

Likewise in 14 G. Couch, *Insurance* § 51:101 (2d ed. R. Anderson 1965), we find on page 600:

In other words, in order to constitute a breach of a co-operation clause by the insured which will justify the insurer in withdrawing from the defense of the action brought against the insured and in cancelling the protection to him there must be a lack of co-operation in some substantial and material respect.

(Footnote omitted.)

As noted in *Peterson v. Allcity Ins. Co.,* 472 F.2d 71, 74 (2d Cir. 1972):

an insurance company can disclaim liability entirely and refuse to defend at all if it can "shoulder the heavy burden" of establishing that the attitude of the insured whose cooperation was sought was one of "willful and avowed obstruction."

*See also Coleman v. New Amsterdam Cas. Co.,* 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443 (1928).

The burden of proving prejudice from breach of a cooperation clause is on the insurer and is not presumed. *Campbell v. Allstate Ins. Co.,* 60 Cal. 2d 303, 384 P.2d 155, 32 Cal. Rptr. 827 (1963).

While a failure of an insured to perform under a cooperation clause may preclude recovery against the insurer provided the breach is material and prejudicial, it has been held that prejudice need not be shown where performance of the cooperation clause by the insured is a condition precedent to recovery. *General Accident Fire & Life Assurance Corp. v. Rinnert,* 170 F.2d 440 (5th Cir. 1948); *Medico v. Employers' Liab. Assur. Corp.,* 132 Me. 422, 172 A. 1 1934); *Hunt v. Dollar,* 224 Wis. 48, 271 N.W. 405 (1937); 8 D. Blashfield, *Automobile Law & Practice* § 344.23 (3d ed. 1966). In this case, performance under the cooperation clause is not made a specific condition precedent to recovery under the policy by the terms of the clause itself. It is made a condition precedent by subparagraph 14 of "Conditions" of the policy which reads:

> No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

This clause is reflected in the record without objection as having been considered by the trial judge, and it is implicit from the summary judgment that said clause was before the trial court at the time of the consideration of the motion.

*Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.,* 50 Wn.2d 443, 313 P.2d 347 (1957), relied upon by the trial court and discussed in *Tierney,* involved a failure to forward the summons and complaint to the insurer until nearly 14 months after service. The court held this was not

a substantial compliance with the terms of the policy and that the question of prejudice is immaterial in those cases where the giving of notice or the forwarding of process is made a condition precedent to action against the insurer. On the record before us, we conclude that compliance with the cooperation clause of the policy was a condition precedent to be performed before any duty arose in the insurer to defend or pay. *Van Dyke v. White,* 55 Wn.2d 601, 349 P.2d 430 (1960).

The insured's disavowal of his falsehood came too late. He recanted on his willful misstatement of the facts only after he was confronted with the claim of his passenger. This occurred more than 3 months following the accident, after the car was recovered, and after the company had paid out on his theft claim and closed its file. The insured had accepted payment under false pretenses and recanted only when such time had passed as would impair the ability of the insurer to make an independent investigation of the accident. When there is a timely confession of wrongdoing and any misdirection of effort by the company is repaired before damage has occurred, then the breach may be immaterial and the insurer is not entitled to assert the breach of the cooperation clause as a defense. *Standard Accident Ins. Co. v. Winget,* 197 F.2d 97, 34 A.L.R.2d 250 (9th Cir. 1952); *General Accident Fire & Life Assurance Corp. v. Rinnert, supra; Pacific Indem. Co. v. McDonald,* 107 F.2d 446, 131 A.L.R. 208 (9th Cir. 1939); *Denley v. Oregon Auto. Ins. Co.,* 151 Ore. 42, 47 P.2d 245 (1935); 14 G. Couch, *Insurance* § 51:107 (2d ed. R. Anderson 1965). That rule does not pertain where performance of the cooperation clause is a condition precedent to the insurer's liability and a substantial and material breach has taken place. The trial court properly concluded that the actions of the insured constituted a material failure to cooperate as required by the policy.

The insured further argues that RCW 46.29.490 (6) (a) and 48.18.320 negate the cooperation clause as a de-

fense to liability.[2] We do not agree with such a construction of either statute. Both the financial responsibility section and the section from the insurance code forbid annulment of the liability of the insured by an agreement made between the insured and the insurer after an accident has occurred. No collusive agreement to defeat the responsibility of the insurer was made following the accident. The policy requires the insured to cooperate so the insurer can ascertain whether liability exists or not and, if so, to what extent. It does not abrogate liability. *State Farm Mut. Auto. Ins. Co. v. Thompson,* 372 F.2d 256 (9th Cir. 1967) is cited for the proposition that the section of the Financial Responsibility Act of Arizona similar to ours eliminates any defense of noncooperation. This is not the thrust of the opinion. Judge Hamley indicates that the current Arizona rule forbidding the assertion of a noncooperation clause as a defense because of the statutory "omnibus" clause rests on dubious ground but that the federal court must accept the state rule currently extant. We decline to adopt the Arizona approach. *See also Carpenter v. Superior Court,* 101 Ariz. 565, 422 P.2d 129 (1966); *Jenkins v. Mayflower Ins. Exch.,* 93 Ariz. 287, 380 P.2d 145 (1963). The Washington statute does not lend itself to a construction which would preclude an insurer from requiring rea-

---

[2] RCW 46.29.490(6)(a) reads:

"The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy."

RCW 48.18.320 reads:

"No insurance contract insuring against loss or damage through legal liability for the bodily injury or death by accident of any individual, or for damage to the property of any person, shall be retroactively annulled by any agreement between the insurer and insured after the occurrence of any such injury, death, or damage for which the insured may be liable, and any such annulment attempted shall be void."

sonable assistance from the insured it should be endeavoring to aid under a liability policy not certified under the act. RCW 46.29.060.

An examination of RCW 46.29.490(1) reveals that the section applies by its terms only to those policies certified as proof of financial responsibility for the future. There was no evidence presented to the trial court that the policy in issue was within that limited category. In *Connell v. Indiana Ins. Co.,* 334 F.2d 993 (4th Cir. 1964), it was said on page 996 in answer to a similar argument:

> On this appeal, plaintiff contends that Indiana was precluded from raising the defense of non-co-operation by certain provisions of the Virginia Motor Vehicle Safety Responsibility Act . . .
>
> . . .
>
> The Virginia legislature, however, has made it abundantly clear that the provisions upon which plaintiff relies apply exclusively to policies certified as proof of financial responsibility pursuant to the requirements of the Motor Vehicle Safety Responsibility Act. This court and the Supreme Court of Appeals of Virginia have held that those provisions have no application to automobile liability insurance policies which have been voluntarily procured.

(Footnote omitted.) The act only applies to those policies certified thereunder. The majority of states passing on the issue have so held. *Aetna Cas. & Sur. Co. v. Simpson,* 228 Ark. 157, 306 S.W.2d 117 (1957); *Travelers Ins. Co. v. Boyd,* 312 Ky. 527, 228 S.W.2d 421 (1949); *Virginia Farm Bureau Mut. Ins. Co. v. Saccio,* 204 Va. 769, 133 S.E.2d 268 (1963); 7 D. Blashfield, *Automobile Law & Practice* § 272.6 (3d ed. 1966).

▮ Finally, RCW 48.18.320, as previously noted, forbids retroactive annulment of coverage by an agreement between the insured and the insurer after the accident. RCW 48.18.320 does not make the liability of the insurer absolute when the accident occurs precluding legal defenses set forth in the policy. The interpretation urged would erase the authorities cited which recognize the validity and pur-

pose of cooperation clauses. To completely excuse an insured from assisting an insurer in understanding and evaluating a claim under the usual policy would impose liability upon an insurer never contemplated. The insurer would be shriven of a primary opportunity to ferret out unjust claims and to evaluate just claims. An intention to protect accident victims by such a rule would benefit only those few injured by recalcitrant insureds while leaving insurers subject to the neglect of other policyholders. The inexorable result to follow would be additional expense to the many because of a desire to assist the few.

The record upholds the conclusions that performance of the cooperation clause in the policy was a condition precedent to liability in the insurer, that there was a willful, material and substantial breach of this clause by the insured when the false statement was given, that the insured only withdrew the false statement after it was exposed and after the position of the insurer had so changed that the material breach of the insured was beyond repair and that the statutory provisions urged do not preclude a material and substantial breach of this cooperation clause from being raised as a defense to the duty to defend or pay under the policy in issue.

Affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied October 3, 1974.

Review granted by Supreme Court November 19, 1974.