[No. 3838-6-III.   Division Three.   August 4, 1981.]

ALBERTEEN D. TIBBS, *Respondent,* v. WOODROW A. JOHNSON, ET AL, *Appellants.*

*James K. Hayner* and *Minnick & Hayner,* for appellants.

*Charles H. Barr,* for respondent.

GREEN, J.—One question is presented: Is Dairyland

Insurance Co., which issued an assigned risk policy to the defendant under the financial responsibility act, RCW 46.29, required to provide insurance coverage for plaintiff's damages where defendant, its insured, breached the cooperation clause of the insurance contract?

This issue was presented upon cross motions for summary judgment and the following agreed statement of facts. On December 16, 1973, plaintiff's and defendants' vehicles collided in an intersection in Pasco. Plaintiff filed this action on December 9, 1976, seeking $30,000 damages for personal injuries. Having been unable to locate and obtain personal service upon defendant, Woodrow A. Johnson, plaintiff obtained substituted service by publication and by service upon the Secretary of State. A copy of the summons and complaint were mailed to Dairyland, who had issued an assigned risk policy to the defendant. This policy had been purchased by defendant as proof of his future financial responsibility as required by RCW 46.29.420, and Dairyland had filed a certificate with the Department of Motor Vehicles to that effect. RCW 46.29.460. Dairyland appeared specially and answered the complaint on behalf of defendant,[1] advising plaintiff it was defending the action under a reservation of rights because defendant failed to cooperate in providing a defense, as required by the insurance policy. Defendant had not been available for pretrial discovery or communicated with Dairyland, and Dairyland had not been able to locate him since commencement of the action.

Plaintiff moved for summary judgment as to defendants' liability. In support of this motion, a police officer's affidavit was submitted which states he investigated the accident and concluded it occurred because defendant failed to stop at a stop sign. The officer also stated defendant was

---

[1]Although Dairyland was not named as a party to the original proceedings, it has submitted itself to the jurisdiction of the court by becoming a party to the agreed stipulation of facts for the purpose of determining its duty to defend and pay any judgment entered in favor of the plaintiff. In effect, Dairyland intervened as a party in this action and was so treated by the trial court.

charged with driving while under the influence of alcohol. Plaintiff also claims that under the financial responsibility act, Dairyland is responsible on its policy for any judgment for damages, notwithstanding defendants' breach of the cooperation clause in the policy.

Dairyland moved for summary judgment denying responsibility for the judgment. One of Dairyland's assistant managers submitted an affidavit in support of this motion which states an adjuster interviewed defendant on January 1, 1974, but subsequently lost track of his whereabouts. He stated their normal business practice was to advise the insured to keep in contract with the company and inform it of any changes of address.

The court found no genuine issue of material fact existed as to defendants' liability and Dairyland's responsibility under the policy. Summary judgment was entered for plaintiff. Dairyland appeals. We hold Dairyland is precluded from asserting a breach of the cooperation clause in the policy as a defense to liability to the extent of the coverage required by the financial responsibility act.

Dairyland's policy was issued to defendant under RCW 46.29 which provides the Department of Motor Vehicles shall suspend the driver's license of an owner or operator of an automobile involved in an accident unless he or she deposits security to cover any judgment resulting from the accident and gives proof of continuing future financial responsibility. RCW 46.29.060, .070, .080, .170, and .420. A certificate was filed by Dairyland with the Department of Motor Vehicles as evidence that defendants' future responsibility was insured to the minimum required by statute. RCW 46.29.460. Former RCW 46.29.490 required that the following provision be incorporated into every certified policy:

(6) Provisions incorporated in policy. Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

(a) The liability of the insurance carrier with respect to the insurance required by this chapter *shall become*

*absolute whenever injury or damage covered by said motor vehicle liability policy occurs;* said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and *no violation of said policy shall defeat or void said policy.*

(Italics ours.) Whether this provision prevents Dairyland from raising a breach of the cooperation clause in the policy as a defense to liability is a question of first impression in this State.

▇ Ordinarily, an insured's breach of the cooperation clause will release the insurer if the insurer shows prejudice. *Oregon Auto. Ins. Co. v. Salzberg,* 85 Wn.2d 372, 535 P.2d 816 (1975). However, the court in *Salzberg,* at pages 376–77, recognized that

insurance policies, in fact, are simply unlike traditional contracts, *i.e.,* they are not purely private affairs but abound with public policy considerations, one of which is that the risk–spreading theory of such policies should operate to afford to affected members of the public— frequently innocent third persons—the maximum protection possible consonant with fairness to the insurer.

Discussing the underlying policy of the financial responsibility act, the court in *LaPoint v. Richards,* 66 Wn.2d 585, 590, 403 P.2d 889 (1965), stated:

Manifestly the purpose of the Financial Responsibility Act is for the protection of the public. We observed in *State ex rel. Ralston v. Department of Licenses,* 60 Wn.2d 535, 541, 374 P.2d 571 (1962):

The need for reasonably effective regulatory procedures with respect to those who operate motor vehicles is indeed great. Furthermore, the magnitude of the problems involved increases with each year.

The sections of our statutes [involving depositing security] . . . are directly intended for the benefit of owners and drivers of motor vehicles as a means of forestalling suspension of the license of the driver and of the registration of the vehicle and, *more fundamentally, designed to give monetary protection to that ever changing and tragically large group of persons who,*

*while lawfully using the highways themselves, suffer
serious injury through the negligent use of those high-
ways by others.*

(Italics ours.) A similar public policy was expressed by the
legislature in the uninsured motorist statute, RCW 48.22-
.030. Interpreting that statute, our courts have held:

Any limiting language in an insurance contract which has
the effect of providing less protection than that made
obligatory by the . . . statute would be contrary to the
public policy as expressed, and of no force and effect.

*Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 981, 485
P.2d 88 (1971); *Signal Ins. Co. v. Walden,* 10 Wn. App. 350,
353, 517 P.2d 611 (1973).

RCW 46.29.490 provides that the insurance policy
*shall* insure against loss from liability, that liability *shall*
become absolute whenever injury or damage occurs, and *no
violation* of the policy shall prevent coverage. These provi-
sions indicate a legislative intent that the public interest in
protecting injured persons on the highway is paramount
and cannot be undermined by contract. Other jurisdictions,
construing similar statutes, have reached the same conclu-
sion. *See State Farm Mut. Auto. Ins. Co. v. Thompson,* 372
F.2d 256 (9th Cir. 1967); *Royal Indem. Co. v. Olmstead,* 193
F.2d 451 (9th Cir. 1951); *De Vigil v. General Accident Fire
& Life Assurance Corp.,* 146 F. Supp. 729 (D. Hawaii 1956);
*American Employers Ins. Co. v. Sterling,* 101 N.H. 434, 146
A.2d 265 (1958); *Nationwide Mut. Ins. Co. v. Aetna Life &
Cas. Co.,* 283 N.C. 87, 194 S.E.2d 834 (1973); *Sandoval v.
Chenoweth,* 102 Ariz. 241, 428 P.2d 98 (1967); *Allen v.
Canal Ins. Co.,* 433 S.W.2d 352 (Ky. App. 1968); *Canal Ins.
Co. v. Sinclair,* 208 Kan. 753, 494 P.2d 1197 (1972);
*National Indem. Co. v. Simmons,* 230 Md. 234, 186 A.2d
595 (1962); *see also* 31 A.L.R.2d 645 (1953); 7 J. Appleman,
*Insurance* §§ 4295–97 (1962).

In *Royal Indem. Co. v. Olmstead, supra* at page 453, the
court discussed whether lack of cooperation was a defense
against recovery under an insurance policy issued pursuant
to a city ordinance requiring motor carriers to be insured

for the benefit of the public:

> As a general rule, unless a policy can be construed as creating an independent right of action in the injured party, his right to recover, being derivative, normally is subject to any defense the company may have against the insured. . . . An exception to the general rule has been made in situations where the insurance policy was issued to satisfy the requirements of a statute having as its purpose the protection of the public. Under such circumstances the beneficial purpose of compulsory insurance would be thwarted in the event the insurer be permitted technical defenses under the policy relating to conditions wholly outside the ability of the injured person to secure performance of. Hence, it has been held that in cases involving compulsory insurance the insurer cannot urge lack of cooperation by the insured as a defense in a suit brought by an injured member of the public within the class sought to be protected by statute.

(Footnote and citations omitted.)

In *Canal Ins. Co. v. Sinclair, supra* at page 1204, the court held that the Kansas Motor Vehicle Safety Responsibility Act, similar to RCW 46.29.490, superseded a conflicting provision in an assigned risk insurance policy. The court reasoned:

> "Subsection (*f*) is often referred to as a 'frozen' or 'absolute' liability provision in discussions of financial responsibility laws. It provides that with respect to insurance required by the Act the liability of an insurance carrier shall become absolute, whenever injury or damage covered by the policy occurs. This subsection, in other words, cuts off policy defenses which might otherwise be available to a carrier after a policy is certified and injury or damage occurs which is covered by the policy."

In *National Indem. Co. v. Simmons, supra* at pages 242–43, the court further discussed the reason noncooperation is not a defense under a similar section of Maryland's financial responsibility act:

> Under the theory of such statutes, there is no sound reason why the victim's rights should depend upon the acts or omissions of the very person who caused the injury, or of the insurer whose certificate made it possible for him

to obtain the license to operate the automobile involved in the accident.

The "frozen" liability section in Washington's act must be read into every contract of insurance certified under that act. RCW 46.29.490(3). Since plaintiff was within the class protected under the act, Dairyland's liability to plaintiff became absolute when the accident occurred. Therefore, to the extent the cooperation clause in Dairyland's policy would provide less protection than the minimum amount required by the act, it cannot be used as a defense. See American Employers Ins. Co. v. Sterling, 101 N.H. 434, 146 A.2d 265 (1958); Farm Bureau Auto. Ins. Co. v. Martin, 97 N.H. 196, 84 A.2d 823 (1951); 29 A.L.R.2d 811 (1953).[2] To hold otherwise would defeat the legislated public policy implicit in the financial responsibility law.

Dairyland relies heavily on Oregon Auto. Ins. Co. v. Salzberg, 11 Wn. App. 666, 524 P.2d 461 (1974), reversed on other grounds, 85 Wn.2d 372, 535 P.2d 816 (1975). It recognizes this decision is not precedential because the Supreme Court found it unnecessary to reach the issue raised here. Notwithstanding, Dairyland urges we adopt the Court of Appeals decision on this issue and hold the financial responsibility act does not preclude raising noncooperation as a defense. We decline to do so. There, the court's analysis was limited to a liability policy not certified under the act as proof of future financial responsibility. We do not have that situation here. Therefore, the reasoning in that case is inappropriate.[3]

---

[2]Although the complaint alleges damages in excess of the minimum coverage required by the act, nothing in the record shows the defendant's policy limits. Therefore, we assume coverage under the policy did not exceed the statutory limits under RCW 46.29.390. Noncooperation may be used as a defense to the extent the policy limits exceed the statutory minimum, if factually proved. See, e.g., Campbell v. Allstate Ins. Co., 60 Cal. 2d 303, 384 P.2d 155, 32 Cal. Rptr. 827 (1963); Billington v. Interinsurance Exch., 71 Cal. 2d 728, 456 P.2d 982, 79 Cal. Rptr. 326 (1969). See Wallace v. Universal Ins. Co., 18 A.D.2d 121, 238 N.Y.S.2d 379 (1963); J. Appleman, Insurance Law, supra § 4784.

[3]The other decisions relied upon by Dairyland are also distinguishable. Erwin

Finally, plaintiff requests we grant attorney's fees on the basis that Dairyland's appeal is frivolous, RAP 18.1(a). We decline to do so. The question presented here is one of first impression in Washington and presents a meritorious issue.

In view of our holding, we need not reach the other issues raised by Dairyland.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied August 27, 1981.

---

*v. State Farm Mut. Auto. Ins. Co.,* 232 F. Supp. 530 (E.D. Tenn. 1964), did not involve a policy certified under Tennessee's act. In *Lewis v. Home Ins. Co.,* 314 A.2d 924 (Del. Super. Ct. 1973), no Delaware statute limited the insured's right to place a condition in the policy. *Kurz v. Collins,* 6 Wis. 2d 538, 95 N.W.2d 365 (1959), did not refer to any section of the Wisconsin act containing provisions which must be read into a policy certified as proof of future responsibility as exists here. In *Wallace v. Universal Ins. Co.,* 18 A.D.2d 121, 238 N.Y.S.2d 379 (1963), the court noted a "gap" exists in New York's financial responsibility act. Although the act contains provisions similar to ours, it also provided the superintendent of insurance may promulgate provisions to be included in a policy. The court interpreted this provision in *General Accident Fire & Life Assurance Corp. v. Martino,* 12 Misc. 2d 935, 175 N.Y.S.2d 894 (1958), to mean that liability under the act is not absolute and noncooperation is available as a defense.

Although not cited by the parties, the court in *Billington v. Interinsurance Exch.,* 72 Cal. Rptr. 399 (Ct. App. 1968), interpreted a statutory provision which allowed an action to be brought "subject to the terms and conditions" of the insurance policy to mean lack of cooperation could be raised as a defense. California does not have a provision comparable to RCW 46.29.490.