Argued April 3, modified April 16, 1918.

## TYLER *v*. BIER.

(172 Pac. 112.)

**Appeal and Error—Presumptions.**

1. In the absence from the record of any of the evidence, it must be assumed that there was evidence to support the finding.

**Wills—Construction—Intent.**

2. In the construction of a will, the purpose is to discover the intention of the testator.

**Life Estates—Obligations to Pay Mortgage.**

3. Under will devising all of estate to the wife, providing that on her death one-half should go to her relatives and half to the relatives of the testator, the wife was a life tenant, and under no obligation to pay off the principal of a mortgage, even to prevent foreclosure · sale.

**Life Estates—Mortgages—Payment by Life Tenant.**

4. When a life tenant pays an encumbrance with her money, she may call on the remaindermen for contribution, and has a lien on the property for the amount of the principal, but she must personally pay the interest, at least to the extent of the income or rental value of the property.

**Life Estates—Mortgages—Payment by Life Tenant.**

5. Where a life tenant paid the principal of a mortgage out of her individual estate, the remaindermen should not be required to pay interest on the mortgage, since the payment of the interest tended to reduce their estate.

> [As to duty of life tenant to remaindermen and reversioners, see note in 137 **Am. St. Rep.** 651.]

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.

This is a suit to quiet title to certain real property. The record for our examination consists of the findings of fact, conclusions of law and decree. No record of the evidence is brought up. In so far as any fact is controverted we are governed by the findings made by the lower court. From the brief of plaintiffs we take the following statement of the case: During his lifetime Benjamin Forstner owned a fractional part of

lots 2 and 3 in block 49 in the City of Salem, Oregon, located on the west side of Commercial Street between Court and Chemeketa Streets. He died on February 27, 1897, leaving a widow, Louisa Forstner. Sophia Bier and Rosa Keil are his other heirs at law. In April, 1896, Benjamin Forstner made a will, the substance of which is as follows:

"I, Benjamin Forstner, of the city of Salem, being of sound mind and memory, do by these presents make this my last will and testament, and give and bequeath all my estate, real and personal, of which I may die seized and possessed, after paying my funeral expenses and just debts, to my wife, Louisa Forstner, and hereby appoint her executrix of this my last will and testament, without bonds.

"Provided, however, at her death one half of all property, real and personal, shall go to her relatives and half to mine.

"In testimony whereof, I have hereunto subscribed my name and affixed my seal this 23d day of April, 1896.

"(Signed) BEN FORSTNER."

Soon after his death his will was regularly probated in Marion County. His wife had charge of the administration as executrix in accordance with its provisions. After the completion of the administration, which was about August, 1899, Mrs. Forstner continued in the possession of the property, renting the major portion of it, and for at least a portion of the time her home was established in one of its apartments. At the time of her husband's death this property was encumbered by a mortgage amounting to about $3,500. Mrs. Forstner understood that the property was hers under the provisions of her husband's will and presumed that she had a right to encumber it or to dispose of it and convey a satisfactory title. Acting upon this understanding, she paid off the mortgage mentioned, borrowed

from Ladd & Bush, bankers, about the same amount, and secured her note by a mortgage upon this property. This mortgage was paid off by Mrs. Forstner. In the early part of 1916 she concluded that she would dispose of this property if a satisfactory price could be obtained, and place the money at interest as her health was rapidly failing her and the responsibility of caring for the property was too great. Then for the first time she was brought to the realization that her title to the property was possibly only a life estate. Thinking that a suit to quiet title might remedy any objection which otherwise could be urged, she instituted such proceedings in February, 1916. The heirs of Benjamin Forstner, who are the appellants herein, and the heirs of Mrs. Forstner, were made parties defendant. Default was had as to her heirs. The defendants, Sophia Bier and Rosa Keil, here alone appeared. They claim an interest in the property under the provisions of Benjamin Forstner's will. The plaintiff Mrs. Forstner insisted upon a lien on the interest of Sophia Bier and Rosa Keil because she paid the mortgage which was on the property at her husband's death. The decree appealed from determined Mrs. Forstner to be the owner in fee simple of a one-half interest in the real premises described in the complaint; and defendants, Sophia Bier and Rosa Keil, the owners in fee simple of one half of the real premises, subject to the life estate of plaintiff, Louisa Forstner, and subject to a lien in her favor for the amount of $3,500, together with interest thereon at the rate of 6 per cent per annum from October 14, 1899. On November 11, 1917, Mrs. Louisa Forstner died, and the parties now appearing as respondents were substituted at the request of the executor of Louisa Forstner's estate.

MODIFIED.

For appellants there was a brief over the names of *Messrs. McFadden & Clarke, Mr. George L. Denman* and *Mr. Henry L. Heil,* with oral arguments by *Mr. Denman* and *Mr. Arthur Clarke.*

For respondents there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Guy O. Smith.*

BEAN, J.—Sophia Bier and Rosa Keil appeal from that portion of the decree impressing a lien upon their share of the real estate for the amount of the mortgage and interest by reason of Mrs. Forstner, now deceased, having paid the same; and contend: (1) That according to the terms of the will Mrs. Forstner as the life tenant should have paid all the debts against the estate of the testator, Benjamin Forstner, before she would have been entitled to the real property; and (2) that in any event they should pay only one half of the principal of the mortgage debt and that the interest should be deemed to have been liquidated from the rents and profits of the premises. Plaintiffs concede that their share of the real property should bear one half of the burden of the principal debt, but submit that the record does not authorize a finding that there was an income from the property with which the life tenant could pay the interest on the mortgage.

1. After hearing all the evidence, a record of which it is stated by counsel was not preserved so as to enable defendants to present the same to this Court, the trial court found as to the first proposition submitted by defendants that at the time of the death of Benjamin Forstner there was an encumbrance against the real premises in the way of a mortgage in favor of Mary Payton in the amount of $3,500, and subsequent to his

88 Or.—28

death, to wit, on October 14, 1899, plaintiff herein, through her own efforts and with her own funds released, paid and discharged the said mortgage. As the record comes to us it must be assumed that there was evidence supporting the finding, and that the mortgage debt was not liquidated with other funds belonging to the estate of Benjamin Forstner, deceased, as claimed by plaintiffs.

2-5. It is an undisputed rule that in the construction of a will the purpose is to discover the intention of the testator: *Kaser* v. *Kaser,* 68 Or. 153 (137 Pac. 187); *Roelfs' Cousins* v. *White,* 75 Or. 549, 551 (147 Pac. 753). While the will in question is couched in very general terms it clearly appears therefrom that the testator desired that his widow should hold the property, both real and personal, during her life and enjoy the use thereof for her maintenance. Any question in regard to her power to alienate any part thereof is eliminated by her death. It does not appear that Mr. Forstner willed that his wife should be required to pay any encumbrance on the real estate from her separate estate or by her own efforts. If she did so from the other funds or property of the estate, under the terms of the will ordinarily it would only change the form of the property and would not affect the reversioners or remaindermen. We therefore hold that according to the will it was not compulsory for Mrs. Forstner to satisfy the mortgage. Being a life tenant, she was under no obligation to pay off the principal of the encumbrance even to prevent a foreclosure sale. When she did so with her own money she was entitled to call upon the remaindermen or reversioners for contribution, and to a lien on the property for the amount of the principal so paid: 16 Cyc. 635, 636; *Moore* v. *Simonson,* 27 Or. 117, 127 (39 Pac. 1105); *Tindall* v. *Peterson,* 71

Neb. 160 (98 N. W. 688, 99 N. W. 659, 8 Ann. Cas. 721). There are exceptions to such a rule, but they are not applicable to the present case. It is the duty of such a life tenant, however, to pay the interest on the encumbrance, at least to the extent of the income or rental value of the property, and of the remainderman to pay the principal: 16 Cyc. 634 (12); *Moore* v. *Simonson,* 27 Or. 117 (39 Pac. 1105); *Damm* v. *Damm,* 109 Mich. 619 (67 N. W. 984, 63 Am. St. Rep. 601). It appears that the real property is situate in the business portion of the Capital City and the greater part of it was leased by Mrs. Forstner who received the rents. This is not controverted in plaintiff's briefs. The payment of the interest would tend to decrease the amount of property to be left to the remaindermen under the terms of the will. In equity the interest on the principal of the mortgage debt, during the incumbency of the premises by the life tenant, Mrs. Forstner, should not now be paid by either set of remaindermen. The decree of the trial court will therefore be modified so that the share of defendants, Sophia Bier and Rosa Keil, will be subjected to a lien thereon for one half of the principal of the mortgage debt, or $1,750, with interest thereon at the rate of six per cent per annum from November 11, 1917, the date of Mrs. Forstner's death. In other respects the decree is affirmed. The plaintiffs and defendants will be required to pay their own costs it being for the mutual benefit of all the parties to this suit that the questions involved be determined.

MODIFIED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.