Submitted on brief by appellant April 28, affirmed June 16, 1925.

IN THE MATTER OF THE PETITION OF PEARL M. DAV-ENPORT FOR A WRIT OF HABEAS CORPUS.

(236 Pac. 758.)

**Justices of the Peace—Justice cannot Hold Court Outside of Precinct for Which He was Elected.**

1. Under Section 949, Or. L., a justice of the peace is without authority to hold court and impose sentence in a place not within precinct for which he was elected.

---

1.  See 16 R. C. L. 363.

Habeas Corpus—Issue Arises on Sufficiency of Return.

2. Under Section 648, Or. L., on *habeas corpus*, issue arises on sufficiency of return, and may be controverted by demurrer or reply; return being responsive to writ and not to allegations of petition for writ.

Habeas Corpus—Petition not Ordinarily Considered as Part of Pleadings.

3. The purpose of petition for writ of *habeas corpus*, is to secure issuance of writ, and ordinarily it is not to be considered as part of pleadings, as it ceases to function when writ is issued.

Habeas Corpus—Petition Held Properly Referred to in Determining Cause of Petitioners Alleged Illegal Imprisonment.

4. Though ordinarily a petition for writ of *habeas corpus* is not to be considered as part of pleadings, where proceedings was summary, to review imprisonment by order of justice of peace, who admittedly was holding court beyond limit of his jurisdiction, and answer was not challenged by motion or otherwise, trial court properly referred to petition to ascertain cause of petitioner's alleged illegal imprisonment.

Appeal and Error—Error not Presumed.

5. Though record on appeal does not disclose any evidence taken before trial court, appellate court cannot presume error, but must assume that there was evidence to support finding of lower court, since, under Section 799, subdivision 16, Or. L., courts are presumed to act within lawful exercise of their jurisdiction.

Criminal Law—Habeas Corpus—Order of Commitment Applying to Two Separate and Distinct Crimes Irregular, but Habeas Corpus will not Lie Unless Order Utterly Void.

6. An order of commitment, applying to two separate and distinct crimes, viz., selling and possessing intoxicating liquor, is irregular in form, but *habeas corpus* will not lie unless such order be utterly void.

See (1) 35 C. J. 537. (2) 29 C. J. 159, 163, 165. (3) 29 C. J. 142. (4) 29 C. J. 173 (1926 Anno.). (5) 4 C. J. 735. (6) 29 C. J. 68 (1926 Anno.).

From Crook: GEORGE W. STAPLETON, Judge.

In Banc.

This is a *habeas corpus* proceeding, submitted on the brief of appellant, to determine whether peti-

2. See 12 R. C. L. 1236.
3. See 12 R. C. L. 1231.
5. See 2 R. C. L. 219.
6. See 12 R. C. L. 1189; 8 R. C. L. 233.

tioner's liberty is unlawfully restrained. It appears from the record that she was arrested for the crimes of selling and having in her possession intoxicating liquor. She appeared before J. O. Powell, justice of the peace for Johnson Creek Precinct, Crook County, and entered a plea of guilty to both charges, whereupon sentence was imposed upon her to pay a fine of $1,000. On failure to pay the fine, appellant, by order of the court, was committed to jail. In the petition for the writ it is averred that there is an unlawful imprisonment in that the justice of the peace, at the time of imposing sentence, undertook to hold court in the City of Prineville, Oregon, and not within the boundaries of the precinct for which he was elected. Petitioner asserts that the justice of the peace had no jurisdiction so to act and that the order committing her to jail was null and void. In appellant's brief it is stated that Johnson Creek Precinct is contiguous to but not within the corporate limits of the City of Prineville, and that Powell, "for convenience and to save taking prisoners to his home in the country, sometimes received pleas of guilty in the courthouse at Prineville." It so happened in the instant case. Olie H. Olson, sheriff of Crook County, upon whom the writ of *habeas corpus* was served, made the following return thereto:

"I, Olie H. Olson, the duly elected, acting, qualified, and sworn sheriff of the County of Crook, State of Oregon, and upon whom a writ of *habeas corpus* was served in the foregoing entitled matter, do hereby certify that I do now have, and have had since the sixth day of October, A. D., 1924, in my custody as such sheriff, under restraint and confined in the county jail of said Crook County, Oregon, at Prineville, the above named Pearl M. Davenport; that as authority for such restraint and confinement

I have the commitment of the Justice's Court of the State of Oregon for Crook County, Johnson Creek Precinct, showing the conviction of the said Pearl M. Davenport for a crime committed against the laws and the statutes of the State of Oregon in such cases made and provided, as follows, to-wit:

" 'In the Justice's Court for the Johnson Creek Precinct of Crook County, State of Oregon.

" 'State of Oregon,
                    Plaintiff,
          v.

" 'Pearl Davenport,
                    Defendant.

" 'Commitment.

" 'To the sheriff or any constable of said county, Greeting:

" 'In the Name of the State of Oregon:

" 'An order having this day been made by me that Pearl M. Davenport be held to answer upon the charge of possession and selling liquor contrary to statute, you are therefore commanded to receive her into your custody and detain him (her) until legally discharged. Pay a fine of $1,000 and costs or lay in jail at $2.00 a day until said fine and costs be satisfied.

" 'Dated at Prineville, Oregon, this 6th day of October, A. D. 1924.
                    " '(Signed)   J. O. POWELL,
                              " 'Justice of the Peace.'

"And I do therefore hereby make this as my return to said writ."

To this return answer was made, denying each and every allegation thereof "save and except the allegations that are made and contained in petitioner's petition, for the issuance of the writ of *habeas corpus* on file herein."

On the issues above stated the following judgment order was rendered:

"Now on this day comes on this matter to be heard, the Sheriff of Crook County, Oregon, Olie H. Olson, being present in person and by his attorney, Willard H. Wirtz, the district attorney for Crook County, Oregon, and this day made return of the Writ of Habeas Corpus heretofore issued in this cause and also brought the body of the said Pearl M. Davenport, the petitioner, herein. And the petitioner herein being also represented by her attorney, G. L. Bernier, and upon hearing of the cause on argument of counsel, and the court now being fully advised and informed as to all matters and things concerned herewith, the court finds that the said Pearl M. Davenport is unlawfully imprisoned and detained in custody by the said Olie H. Olson.

"It is therefore ordered, adjudged, and decreed that the said Pearl M. Davenport be forthwith discharged from her said imprisonment by the said Olie H. Olson."

—from which judgment the state appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Willard H. Wirtz.*

For respondent there was no appearance.

BELT, J.—1. It is certain that the justice of the peace had no authority to hold court at the place where it is alleged in the petition sentence was imposed on the respondent. Section 949, Or. L., provides:

"A justice's court is a court held by a justice of the peace, within the precinct for which he may be chosen."

In 16 R. C. L. 364 we find:

"Where a justice of the peace goes outside of the limits of his jurisdiction and undertakes to hold his

court, he neither has jurisdiction of the subject matter nor of the person; and no waiver or agreement made before him outside of his jurisdiction can confer jurisdiction upon him. Outside of the limits of his jurisdiction he is not a judge. He is no more than any private citizen; and any judgment he gives outside of his jurisdiction, whether by agreement, waiver or otherwise, is no more binding upon the parties than if it had been made before a private individual.''

Appellant contends, however, that the question of lack of jurisdiction was not before the trial court, nor before this court under the issues as made by the pleadings.

2. ''On *habeas corpus* the issue arises on the sufficiency of the return. It may be controverted by demurrer or reply.'' *Ex parte Wessens,* 89 Or. 587 (175 Pac. 73); *Merriman* v. *Morgan,* 7 Or. 68; Section 648, Or. L.

3. The return is responsive to the writ, and not to the allegations of the petition for the writ: 12 R. C. L. 1236; *Re Moyer,* 35 Colo. 159 (85 Pac. 190, 117 Am. St. Rep. 189, 12 L. R. A. (N. S.) 979). The purpose of the petition is to secure the issuance of the writ, and normally it is not to be considered as a part of the pleadings (12 R. C. L. 1231), as it ceases to function when the writ is issued.

4. However, in a summary proceeding—especially where the ''answer'' was not challenged by motion or otherwise—we believe the trial court was justified in looking to the averments of the petition, where reference to the same was made as above stated to ascertain the cause of petitioner's alleged illegal imprisonment. Technical rules of pleading should not prevail in a proceeding of this nature the purpose

of which is to determine whether a citizen is being unlawfully restrained of her liberty.

Furthermore, the district attorney in his brief concedes the fact that the petitioner was sentenced at a time when the justice of the peace was undertaking to hold court beyond the limits of his jurisdiction. The state, in effect, admits that the order of commitment is void, but contends that by reason of defective pleadings the question is not before the court.

"Statements of facts made in briefs and such other facts as are legitimate inferences therefrom are to be taken as binding admissions." 3 C. J. 1448.

In *Territory* v. *Board of Commissioners of Bernalillo County*, 13 N. M. 89 (79 Pac. 709), it is said:

"This statement of counsel in his brief can be considered by us, the same as an admission made in the trial of a case."

The admission of the district attorney as the representative of the state that "the petitioner, Pearl Davenport, pleaded guilty at the courthouse in Prineville before the justice of the peace for Johnson Creek Precinct on the sixth day of October, 1924, both to the charge of selling intoxicating liquor and to the charge of having intoxicating liquor in her possession, and was fined the sum of $500 on each count" ought to be and is accepted by this court as being true.

5. The record before us does not disclose any evidence taken before the trial court, but we cannot presume error: *Hill* v. *McCrow,* 88 Or. 299 (170 Pac. 306). Courts are presumed to act within the lawful exercise of their jurisdiction: Subd. 16, Section 799, Or. L. In the absence from the record of any evi-

dence, it must be assumed that there was some to support the finding of the lower court: *Tyler* v. *Bier,* 88 Or. 430 (172 Pac. 112).

6. The order of commitment is irregular in form in that it applies to two separate and distinct crimes, viz., selling and possessing intoxicating liquor; but it is fundamental that *habeas corpus* will not lie unless such order be utterly void: *Ex parte Foster,* 69 Or. 319 (138 Pac. 849), and numerous cases of this court therein cited. .

The judgment of the trial court ordering the discharge of the petitioner from her unlawful imprisonment is affirmed.                                    AFFIRMED.