Argued January 6; affirmed January 12, 1932

# WHITLOCK *v.* UNITED STATES INTER-INSURANCE ASSOCIATION

(6 P. (2d) 1088)

384

*John Lichty,* of Portland, for appellants.

*Nicholas Jaureguy,* of Portland (Jaureguy & Tooze and Mautz & Mautz, all of Portland, on the brief), for respondent.

BEAN, C. J. The testimony taken in this cause is not before this court. The defendants assign as error that the findings of fact do not support the judgment. The findings of fact, as made by the court, were in substance as follows: Fred E. Lyons was operating, in and about the city of Klamath Falls, what is known as "anywhere for hire" bus service. About November 10, 1927, he procured from the Public Service Commission a permit describing a certain Buick automobile as the car he was authorized to use in his business. At the time of the accident, which was the cause of the litigation, Lyons used a certain Star sedan in the

operation of his "anywhere for hire" business, and the driver thereof so negligently operated the same that he injured plaintiff's intestate, and for those injuries Lyons was legally liable.

In the policy defendants agreed to make compensation up to "$5,000 for death or injury to one person" resulting from the operation of or in connection with motor vehicles operated by or for the assured, provided the carrier is legally liable therefor. The policy of insurance was filed with the Public Service Commission by Lyons as a condition to obtaining his permit. While the permit and application named a certain Buick automobile, there was attached to the policy what is commonly termed "The Public Service Commission Rider." The determination of the action depends upon the interpretation of that rider, which contains, in substance, the following language:

"This policy to which this endorsement is attached is written in pursuance of and is to be construed in accordance with Chapter 380, General Laws of Oregon for 1925, and acts amendatory thereof and supplemental thereto and the rules and regulations of the Public Service Commission of Oregon adopted thereunder. In consideration of the premium stated in the policy to which this endorsement is attached, the insurer hereby waives the description of the motor vehicle or motor vehicles to be insured hereunder and agrees to make compensation, within the limits set out in the following schedule, for injury to, and/or death of persons and loss of or damage to property resulting from the operation of or in connection with motor vehicles and/or trailer and/or other equipment operated by or for the assured, provided said carrier is legally liable therefor.

"On each motor vehicle used for the transportation of persons having a passenger seating capacity of 12 passengers or less not to exceed.

"$5,000.00 for death or injury to one person;

"$10,000.00 for death or injury to more than one person;

"$1,000.00 for loss of or damage to property of any person or persons other than the assured.

"For the purpose of this endorsement the term 'operations' shall be construed and to include said motor vehicles, trailers, and/or other equipment, whether the same be in motion or otherwise, and whether attached or detached.

"All conditions and provisions of this policy and any statement or agreements contained therein or endorsed thereon in conflict with the rider are by agreement of all parties hereto held null and void in so far as they are in conflict therewith.

"This policy cannot be canceled by the insurer or by the insured without first giving thirty (30) days' written notice to the insured and Public Service Commission of Oregon. It is understood and agreed that the operating equipment covered by this policy is being operated under a permit issued by the Public Service Commission of the State of Oregon, and that in the event of cancellation of said permit this policy shall thereupon become null and void without further notice."

It will be noticed, from the clause made a part of the policy, that the defendants agreed to make compensation for injuries to or death of persons or loss of or damage to property resulting from the operation of or in connection with motor vehicles and/or trailer and/or other equipment operated by or for the assured, provided that said carrier is legally liable therefor.

S. M. Moreno instituted and prosecuted an action against Fred E. Lyons in the circuit court for Klamath county for the injuries caused by the negligent operation of the car used in the "anywhere for hire" business of the insured, and, on October 18, 1928, duly obtained a judgment against Fred E. Lyons in the

sum of $25,000 and costs. Thereafter, execution was issued upon the judgment which was returned unsatisfied. This judgment fixed the liability of Fred E. Lyons in the matter. On December 2, 1928, S. M. Moreno died and plaintiff was duly appointed administrator of his estate.

The court found and the record warrants such finding that Fred E. Lyons was rendered legally liable to said S. M. Moreno, plaintiff's intestate, for the injuries described in plaintiff's complaint, and that by reason of the policy the defendants were obligated to make compensation to plaintiff for such injuries not exceeding the limit set forth in the endorsement on the policy, and that the plaintiff is entitled to judgment against the defendant in the sum of $5,000 with interest thereon at the rate of 6 per cent per annum from the 18th day of October, 1928, until paid, together with $400 attorneys' fees, and rendered judgment accordingly.

■ By the plain provisions of the rider the insurance covered the Star car, which was being operated. It was one of the motor vehicles operated by the assured. While it was not specifically named, it plainly came within the embrace of the policy.

In the construction of a contract the court should simply declare what is found therein and not insert what has been omitted, or omit what has been inserted: § 9-214, Oregon Code 1930. We do not deem the clause of the rider to be ambiguous. While the Star car is not specifically mentioned it comes within the sweeping clause of "loss of or damage to property resulting from the operation of or in connection with motor vehicles and/or trailer and/or other equipment operated by or for the assured."

■ This court must presume that the evidence introduced upon the trail of this cause justified the lower court in making any of the findings in favor of plaintiff. Since the evidence is not before us it must be presumed that the findings and conclusions of the lower court were supported by the evidence: *Tyler v. Bier*, 88 Or. 430 (172 P. 112) ; *In re Davenport*, 114 Or. 650 (236 P. 758).

The main purpose of Chapter 380, General Laws of Oregon for 1925, was to provide revenue for the use, maintenance, repair and reconstruction of public highways and to defray the expenses of the administration of the act. The regulations in regard to the application and issuance of a permit are for the convenience and benefit of the state and for the protection of the public. Section 5 of the act (prior to amendment by Laws of 1929, chap. 394, § 55-1305, Oregon Code 1930), providing for obtaining a permit to operate a motor carrier, requires an application specifying the name and place of the business of the applicant, or of the officers if the applicant is a corporation, kind of service and number, kind and character of the vehicles, and several other details. Section 15 of the act (prior to amendment by Laws of 1929, chap. 394, and Laws of 1931, chap. 39, § 55-1315, Oregon Code 1930) requires class 2 of motor carriers, to which the carrier in question belonged, to pay in addition to the other taxes provided by law a certain rate per passenger mile computed by multiplying the passenger capacity of the vehicle by the number of miles traveled, and the law requires a sworn report made of the operations. It is not shown that Lyons, the operator, did not regularly make his reports and pay all of the fees.

In so far as it appears from the findings and the record, there was only one car operated at a time by

Lyons, the operator. If, as it may have been, the Buick automobile specifically mentioned in the permit was out of repair and the assured temporarily used the Star sedan in the operation of his "anywhere for hire" business, such operation would undoubtedly, in case of an injury for which the operator was liable, come within the provision of the policy, wherein the defendants agreed to compensate for injuries or death of persons resulting from the operation of motor vehicles operated by or for the assured, provided said carrier is legally liable therefor.

For the convenience of the insurer, as well as for the Public Service Commission, it is legal and appropriate for the insurer to waive the description of the "motor vehicle or motor vehicles" to be insured by the policy and agree to make compensation up to the amount specified for injury to or death of persons resulting from the operation of motor vehicles operated by or for the assured, provided the carrier is legally liable therefor. The policy is what is called a blanket policy.: *Jaloff v. United Auto Indemnity Exchange,* 120 Or. 381 (250 P. 717). It was necessary to prove that the Star sedan was one of the automobiles operated in the "anywhere for hire" business of the assured.

The fact that the Public Service Commission required a policy of insurance covering the operation of all motor vehicles operated by or for the assured furnishes some ground for the implication that it was contemplated in issuing the permit that more than one motor vehicle would be used by the assured. The circumstances of this case disclose the wisdom of the requirement of such a provision in the policy. We think the risk or liability involved in the case was one nom-

inated in the contract of insurance. There is no provision in the policy or in the statute referred to for a forfeiture of the insurance policy in case the permit did not specifically describe the car used in the operation of the "anywhere for hire" business.

■ It is contended that the above quoted clause, which reads as follows:

"This policy cannot be canceled by the insurer or by the insured without first giving thirty (30) days' written notice to the insured and Public Service Commission of Oregon. It is understood and agreed that the operating equipment covered by this policy is being operated under a permit issued by the Public Service Commission of the State of Oregon, and that in the event of cancellation of said permit this policy shall thereupon become null and void without further notice."

curtails the provisions of the permit and in effect limits the policy of insurance to one automobile. Construing all the provisions of the paragraph, we cannot agree with the contention of the defendant. The portion of the clause stressed by defendants, "it is understood and agreed that the operating equipment covered by this policy is being operated under a permit issued by the Public Service Commission of the State of Oregon," is merely explanatory of the remainder of the same sentence relating to the cancellation of a permit. In our opinion the provision does not abridge the right of a member of the public when the circumstances are such that a member of the public has a right to claim the indemnity.

When different constructions of a provision of a contract are otherwise equally proper, that is to be taken which is most favorable to the party in whose favor the provision was made: Section 9-220, Oregon

Code 1930; *Pierce v. Northern Pac. Ry. Co.*, 127 Or. 461 (271 P. 976, 62 A. L. R. 644) ; *Oregon Surety & Cas. Co. v. U. S. National Bank*, 136 Or. 573 (300 P. 336).

■ If the provisions of the policy of insurance in question should be considered ambiguous, the ambiguity should be resolved in favor of the insured. Parol evidence is permissible to explain such ambiguities and it must be presumed that such evidence was introduced so that the findings and conclusions of law of the lower court are supported by the evidence: §§ 9-212, 9-216, Oregon Code 1930.

The cases to which defendants call attention from other jurisdictions are where persons are denied recovery on a carrier's bond where the policy involved did not cover the operation in which the claim arose. In *Downs v. Georgia Casualty Co.*, 271 Fed. 310, cited by defendant, the statute required a specific permit for each auto bus operated and required a policy to be furnished for each such auto bus. Pursuant to this statute defendant in that case executed a policy restricting its coverage to a specified described bus. The court, under these circumstances, obviously was required to hold that the plaintiff injured by the bus not covered by the policy was not entitled to recover. In *Interstate Casualty Co. v. Martin* (Tex. App.) 234 S. W. 710, the policy was given to cover the operation of the jitney bus over a certain prescribed route. The accident happened at a place other than within the boundaries of that route and while the automobile was not being operated in the jitney service. The liability not being nominated in the policy of insurance, the court held that the injured person could not recover on the policy.

■■ It is contended on behalf of the defendants that no attorney's fees are allowable in a suit on the policy

in question. Section 46-134, Oregon Code 1930, prior to the amendment by chapter 355, Laws of 1931, provided that whenever any suit or action is brought in any court of this state upon any policy of insurance of any kind or nature whatsoever, including the policy or certificate issued by fraternal and benefit societies, the court shall allow the plaintiff reasonable attorney's fees, provided settlement is not made within six months from the date proof of loss is filed. The defendants base their contention upon section 46-1313, Oregon Code 1930, which reads as follows:

"Except as provided in this section no law of this state relating to insurance shall apply to reciprocal or interinsurance contracts or the exchange thereof, unless they are specifically mentioned."

We think the provision of the latter section refers to reciprocal or interinsurance contracts or exchange of insurance between the companies themselves and not to policies issued by the companies for the protection of individuals. This court has given section 46-134 a construction in the case of *School District v. New Amsterdam Cas. Co.*, 132 Or. 673, 677 (288 P. 196), wherein it is stated by Mr. Justice BROWN: "This language is so plain, and its meaning so clear, that construction is neither required nor permitted." We find no error in the record.

The judgment of the circuit court is therefore affirmed.

BROWN, CAMPBELL and KELLY, JJ., concur.