Argued April 2, affirmed June 27, 1974

# CITY OF HILLSBORO ex rel LENCHITSKY HEATING AND AIR CONDITIONING, INC., *Appellants, v.* MAINTENANCE AND CONSTRUCTION SERVICE, INC.

## ET AL, *Respondents.*

523 P2d 1036

*John S. Marandas,* Portland, argued the cause for appellant. With him on the briefs were Lekas, Dicey & Marandas, Portland.

*Ronald E. Hergert,* Oregon City, argued the cause for respondents. With him on the brief were John C. Caldwell, and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

BRYSON, J.

In this action on a surety performance bond, in which plaintiff prevailed, the sole issue on appeal is the trial court's refusal to allow "plaintiff's Motion for Reconsideration of Allowance of Attorney Fees."

Shortly after the trial, plaintiff submitted to the court a proposed judgment which provided the court with a blank space in which to set forth the amount of attorney fees it deemed reasonable. Filed with the proposed judgment was a "Bill of Disbursements" which did not include an item for attorney fees. On February 2, 1973, defendants objected as follows:

"1. There was no stipulation made either prior to or during the course of trial that the Court could set reasonable attorneys fees without testimony as to the reasonableness thereof, and there being no evidence of attorneys fees, the award of attorneys fees should be deleted from the final Judgment Order.

"2. Objection is also made to the total figure of costs and disbursements in the sum of $250.19

as not representing those actual costs and disbursements recoverable. * * *

"* * * * *"

On February 20, 1973, the court heard arguments concerning the allowance of attorney fees and other costs. At this hearing plaintiff introduced no evidence as to the amount of attorney fees or the reasonableness of such fees. After ruling on items in the Bill of Disbursements the judge informed both counsel that he would advise them regarding attorney fees after he reviewed the record with the court reporter. The judge informed counsel that he reviewed the record and found no "agreement regarding proof of attorney's fees" and that he was "therefore, not allowing attorney's fees."

On February 26, 1973, plaintiff's counsel filed a motion requesting a reconsideration of the court's decision disallowing attorney fees, together with an "Amended Bill of Disbursements" which included "Attorney Fee ___[blank]___ ." A hearing was held on March 5, 1973, at which plaintiff's counsel contended that reasonable attorney fees were allowable as an item of costs under ORS 743.114. Counsel asserted that a cost bill with a blank space for the insertion of an amount for attorney fees was all that was required to recover attorney fees under the statute.

The court advised, "* * * I do not feel that the state of the record in this case is such that I can allow plaintiff attorney's fees." The court denied plaintiff's request for reconsideration.

From the partial transcript before the court, we see no evidence that the parties stipulated prior to or during trial that the court could allow a reasonable

attorney fee without the introduction of any evidence as to attorney fees or the reasonableness thereof.

■ ORS 743.114① permits the recovery of attorney fees in cases such as this as an item of costs. *State ex rel Town Concrete v. Andersen,* 264 Or 565, 572-73, 505 P2d 1162 (1973). However, where the losing party opposes the allowance of attorney fees, the successful party bears the burden of proving the amount of the fee and the reasonableness thereof. In the case of *Tiano v. Elsensohn,* 268 Or 166, 170, 520 P2d 358, 360 (1974), we held:

> "* * * [A] request for a specific amount should be made in the cost bill, and defendant may take issue, if he desires, by objecting on any basis he believes will defeat its allowance as is done when contesting any other claimed item of costs. Issue thus having been taken, it is then the duty of the plaintiff, as the proponent of its allowance, to meet by proof, if he can, such objections as the defendant may have raised. The rule is, of course, limited to those instances in which reasonable attorney fees are provided by statute *as a part of costs."* (Original emphasis.)

*Cf. Higgins v. Insurance Co. of N. America,* 256 Or 151, 171, 469 P2d 766, 776 (1970).

■ There is no evidence in the record now before the court of the amount of attorney fees or the reasonableness thereof. Further, there is no record of any offer

---

① ORS 743.114:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

by plaintiff's counsel to prove such facts, either at trial or at the two hearings held subsequent to trial. Such a record will not support an award of attorney fees. The trial court did not err in denying the allowance of attorney fees on the record in this case.

■ Having so concluded, we see no reason to discuss defendant's further argument that plaintiff should not be permitted to appeal, having levied execution on and accepted the benefits of the judgment. Also, we have considered plaintiff's final contention that it was denied a full hearing under ORS 20.220[2] but find no merit to this argument as the trial court granted plaintiff two hearings on its Bill of Disbursements and Amended Bill of Disbursements.

Affirmed.

---

[2] ORS 20.220:

"(1) As soon as convenient after objections are filed against a statement of disbursements, the court or judge thereof in which the action, suit or proceeding is pending shall, without a jury, proceed to hear and determine all the issues involved by the statement and objections. At such hearing the court or judge may examine any record or paper on file in the cause, and either party may produce relevant or competent testimony, orally or by deposition, or otherwise, to sustain the issues on his behalf. Either party may except to a ruling upon any question of law made at such hearing as in other cases.

"(2) As soon as convenient after the hearing, the court or judge shall make and file with the clerk of the court an itemized statement of the costs and disbursements as allowed, and shall render judgment thereon accordingly for the party in whose favor allowed. No other finding or conclusion of law or fact shall be necessary, and the same shall be final and conclusive as to all questions of fact. * * *