Argued March 9, affirmed in part; reversed in part June 27, 1978

# RHONE, *Respondent,*
*v.*
## LOUIS, *Defendant,*
## GUARANTY NATIONAL INSURANCE CO.,
*Appellant.*
## (No. A7601-00618, SC 25458)

580 P2d 549

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

John F. Reynolds, of McCormick & Reynolds, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, Bryson, Linde, Justices, and Thornton, Justice Pro Tempore.

DENECKE, C. J.

## DENECKE, C. J.

The principal question concerns the coverage of the garnishee-insurance company's liability policy.

Plaintiff sustained injuries in an automobile accident while riding as a passenger in an automobile driven by defendant. Plaintiff obtained a judgment against defendant for $49,717.97. The automobile had been rented by plaintiff from Parquit Corporation. Parquit had a liability insurance policy issued by garnishee-Guaranty National Insurance Co. After obtaining judgment, plaintiff garnished Guaranty National seeking to recover under the liability insurance issued to Parquit. Guaranty National raised as a defense in its answer to plaintiff's allegations that the policy provided coverage on rented automobiles only when they were being driven by the rentee, i.e., plaintiff. The plaintiff filed exceptions to the answer and this defense was held inadequate by the trial court. Garnishee refused to plead further, and judgment was entered for plaintiff.

Garnishee raises numerous "questions on appeal," but assigns only two errors. Garnishee first contends there was no coverage for the driver because he was not the rentee.

Plaintiff relies upon Portland City Ordinance No. 139316 which regulates businesses providing motor vehicles for hire. One portion of the ordinance requires such businesses to obtain liability insurance. It further provides that:

> "* * * Where the insurance covers a drive-yourself vehicle, it shall expressly provide coverage during the time such vehicle is rented out and shall cover the liability of the driver of such vehicle whether or not such vehicle is retained beyond the expected time of return to the licensee." Portland City Ordinance No. 139316, § 16.48.090.

■ In a number of circumstances the requirements of statutes and ordinances have been deemed covered by insurance policies that were procured for the purpose

of complying with those requirements, adding to or displacing contrary provisions of the policy itself. *N.W. Amusement Co. v. Aetna Co.,* 165 Or 284, 288, 107 P2d 110, 132 ALR 118 (1940). *See, also,* Couch, Cyclopedia of Insurance Law, § 45.673 (2d ed 1964); ORS 743.759. We need not here examine how far this rule extends, because garnishee concedes both in its brief and on oral argument that it applies to its situation.

Garnishee's contention is that we should interpret the portion of the ordinance which requires the insurance to cover "the driver of such vehicle" to mean "the *rentee-driver* of such vehicle." Garnishee relies in part upon the definition of drive-yourself vehicle which provides that it applies to a business "hiring out vehicles for the use of a person to whom such vehicles are hired." Portland City Ordinance No. 139316, § 16.48.060(5). However, we find nothing inconsistent between this definition and a requirement that insurance be provided for the driver of the vehicle regardless of whether the driver is the rentee.

Garnishee also argues that the purpose of the ordinance is to place responsibility on the renter of the vehicle, thereby providing incentive for the renter to evaluate the driving ability of potential rentees. Thus, garnishee argues, renters will not do business with drivers who would endanger the safety of the public. In support of this position, garnishee cites *Covey Garage v. Portland,* 157 Or 117, 70 P2d 566 (1937). *Covey* involved the constitutionality of a 1936 Portland ordinance regulating rental car companies. That ordinance also required the companies to procure liability insurance for drivers of rented vehicles. We explained the purpose of that ordinance as follows:

> "* * * The primary purpose of the ordinance is not to render damages collectible, but to induce the owner to refrain from renting his cars to the irresponsible and negligent. * * *." 157 Or at 129.

That may have been the purpose for the 1936 Portland ordinance at issue in *Covey Garage;* however,

we are of the opinion that the purpose for the Portland ordinance we are construing as well as the purpose for various, more recent ordinances and statutes requiring insurance for car renting concerns as well as other types of businesses is different. In *State Farm Ins. v. Farmers Ins. Exch.,* 238 Or 285, 292-293, 387 P2d 825, 393 P2d 768 (1964), after referring to the Financial Responsibility Act and the uninsured motorist statute we stated: "* * * These legislative declarations reflect a governmental policy in favor of protecting the innocent victims of vehicular accidents * * *." 238 Or at 293. We conclude the primary purpose of Portland's requiring liability insurance with coverage for "the driver" was for the protection of injured persons.

We are fortified in this opinion by the language of the ordinance that the insurance shall cover the driver "whether or not such vehicle is retained beyond the expected time of return." This provision would not cause the rental concern to rent only to responsible drivers. It is to protect persons injured by drivers who possibly are irresponsible by failing to return the vehicle within the expected time.

■ We interpret the ordinance to mean what it says: that the liability insurance shall cover the driver of the vehicle.

Garnishee contends that this interpretation leads to an absurd result because the insurer cannot control the risks it insures, and might be liable if the car were stolen, or driven by a child. Whether this result would necessarily follow is not involved in this case. The defendant driver was not in one of these categories.

■ The case was decided upon exceptions to the answer which is, in effect, a demurrer. ORS 29.340. Guaranty National contends it was entitled to an evidentiary hearing. We find the ordinance requires coverage for the driver, as a matter of law, and evidence was unnecessary.

The judgment for the amount of plaintiff's judgment against defendant is affirmed.

The trial court also awarded plaintiff attorney fees in the amount of $10,000. National Guaranty assigns the award as error.

Plaintiff seeks attorney fees pursuant to ORS 743.114 which provides for attorney fees to be awarded as costs in actions on insurance policies. Plaintiff asked for attorney fees in his allegations. After the trial court sustained plaintiff's exceptions to National Guaranty's answer National Guaranty elected not to plead further. Plaintiff moved in writing for judgment "for $49,717.97 [the principal sum] plus interest * * *." However, attorney fees were not mentioned. Judgment was entered for the principal sum "plus an attorney fee of $10,000.00 and for costs and disbursements taxed at $25.00." A cost bill had been served on National Guaranty the day before the judgment was entered. The cost bill was on the usual printed form which had printed, among other items, "Attorney's Fees," but nothing was filled in the blank. The parties had no stipulation on attorney fees.

■ Plaintiff contends the trial court acted pursuant to ORS 18.080(1)(a) concerning default judgments in contract cases. ORS 18.090 concerns judgments "upon failure to answer." National Guaranty answered and the section does not apply.

Plaintiff relies upon three cases to support the award of attorney fees. *Tiano v. Elsensohn,* 268 Or 166, 520 P2d 358 (1974), does not assist plaintiff. We held that the party claiming to be entitled to an attorney fee should insert a specific amount in the cost bill and if the other party was dissatisfied it should file an objection. The party claiming the fee then has the burden of proving the reasonableness of the fee. As stated, no claim for a fee was inserted in the cost bill.

*Hillsboro v. Maint. & Const. Serv.,* 269 Or 169, 523 P2d 1036 (1974), likewise is of no aid to plaintiff. Plaintiff sought attorney fees, although not in proper form. The defendant filed objections, a hearing was held, but plaintiff did not put on evidence to support

its claim. We affirmed the trial court's denial of fees upon the ground there was no supporting evidence.

*Reeder v. Kay,* 276 Or 1111, 557 P2d 673 (1976), while not as clearly unhelpful to plaintiff, nevertheless does not support plaintiff. Two defendants, the Tabers, were dismissed as parties by plaintiff. The Tabers filed a cost bill in which they claimed attorney fees but did not specify an amount. Apparently, no objection was filed but a hearing was held and on the same day a judgment entered for attorney fees. The plaintiff-appellant did not bring to this court a record of any of the proceedings. Under these circumstances we affirmed the award of attorney fees.

■ In the present case National Guaranty never had an opportunity to object. Neither the motion for judgment nor the cost bill gave it notice that plaintiff was going to ask the trial court for attorney fees when the judgment was entered. That the judgment recites a hearing was held, plaintiff was present and the court found the attorney fees were reasonable does not cure the defect because the defendant was not apprised any hearing was to be held on attorney fees.

The procedure for awarding attorney fees has caused considerable appeals which would have been unnecessary if there was a comprehensive statute governing the procedure.

The judgment for attorney fees is reversed.