Argued and submitted November 16, 1979, affirmed February 5, 1980

ROWLEY,
*Respondent,*
*v.*
DAIRYLAND INSURANCE
COMPANY, INC.
*Appellant.*

(No. 102767, CA 14290)

605 P2d 1356

─────────

Ralph C. Spooner, Salem, argued the cause for appellant. With him on the briefs were Bruce W. Williams and Williams, Spooner & Graves, P. C., Salem.

Tim Armbruster, Newport, argued the cause for respondent. With him on the brief were William A. Barton and Barton & Armbruster, P. C., Newport.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This proceeding involves an automobile accident between plaintiff and defendant's insured, Lillian Hurst. Plaintiff brought an action against Hurst alleging negligence in the operation of her car. A default judgment for $25,000 was entered by the Jackson County Circuit Court in the plaintiff's favor. The judgment remained unsatisfied 30 days after it was rendered and, after transferring it to Marion County Circuit Court, plaintiff brought this action against defendant as the insurer.[1] Plaintiff moved for summary judgment. Both sides submitted affidavits. After a hearing on the motion, the trial court granted summary judgment in favor of plaintiff. Defendant appeals from that order. We affirm.

On appeal, defendant contends that there are unresolved factual issues which make the granting of summary judgment inappropriate. Defendant argues that an issue exists as to the insured's non-cooperation in the defense of this matter and that a question remains concerning a purported release agreed to by plaintiff and defendant. Also assigned as error is the award of attorney fees to plaintiff.

Summary judgment is appropriate where there is no genuine issue as to any material fact and, based on these facts, the moving party is entitled to judgment

---

[1] ORS 743.783 states:

"A policy of insurance against loss or damage resulting from accident to or injury suffered by an employe or other person and for which the person insured is liable, or against loss or damage to property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall contain within such policy a provision substantially as follows: 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.' "

[335]

as a matter of law. Former ORS 18.105(3).[2] *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

The policy issued to Hurst by the defendant was issued under Oregon's Financial Responsibility Law. That law provides, in part, that:

> "The liability of an insurance carrier with respect to the insurance policy required by this chapter to prove future responsibility shall become absolute whenever injury or damage covered by the vehicle liability policy occurs." ORS 486.551.

In *State Farm Ins. v. Farmers Insurance Exchange,* 238 Or 285, 292, 387 P2d 825, 393 P2d 768 (1964), the Oregon Supreme Court stated that:

> "The Oregon legislature by the Financial Responsibility Act, ORS ch 486, largely abolished any insurance policy defenses, including the defense of noncooperation, when an action is brought by an injured party against an insurer."

Although that statement is only dictum in that case, we believe it represents the correct view and should be followed. The court was giving recognition to the express "governmental policy in favor of protecting the innocent victims of vehicular accidents * * *." *Id., supra,* at 293; *see also Rhone v. Louis,* 282 Or 693, 697, 580 P2d 549 (1978). The wording of the statute is clear. The liability of the insurance carrier is absolute with respect to policies issued as proof of financial responsibility. The policy in question here was such a policy. We hold that, as a matter of law, the defendant was not entitled to raise the defense of noncooperation because the policy in question was issued as proof of future financial responsibility.

The second issue presents a more difficult problem. The defendant in this case raised the affirmative defense of settlement and submitted affidavits in support of its claim. On appeal, defendant claims that the question of whether or not the release agreed to by

---

[2] Now codified as Rule 47(c), Oregon Rules of Civil Procedure.

plaintiff and defendant should be given effect has not been resolved. In response, Plaintiff argues that the proper forum for defendant to raise the settlement issue was in its motion to set aside the original default judgment against its insured, Hurst, in Jackson County.

Defendant moved in Hurst's name, to set aside the default judgment entered against her in Jackson County. The basis of the action was ORS 18.160.[3] The defendant alleged, in supporting affidavits, that it failed to receive notice of service upon Hurst and unsuccessfully tried to locate her. It alleged prejudice in view of the allegedly disproportionate amount of the award and further alleged that " * * * there may be additional facts within the knowledge of defendant, Lillian Hurst, which could affect the outcome of this case if it is tried." A general denial was tendered as an answer. No mention was made of the existence of the settlement agreement obtained from plaintiff. Plaintiff filed a counteraffidavit contending that the defendant received adequate notice. The court denied the motion.

The question before us now is whether defendant should have brought the existence of the settlement to the attention of the Jackson County court.

The rule is that

" * * * a default decree will be set aside only if the moving party establishes that the decree was entered against him through mistake, inadvertence, surprise or excuseable neglect; that he acted with reasonable diligence after knowledge of the default decree; *and that he has a meritorious defense to the suit * * *"* Lowe v. Institutional Investors Trust, 270 Or 814, 817, 529 P2d 920 (1974). (Emphasis added.).

---

[3] ORS 18.160 states:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In this case, the defendant's application to the trial court did not establish that it had a meritorious defense. Notifying the trial court of the existence of the alleged release—which defendant already had in its possession—would have supplied that element.

Defendant argues that, even if it should have shown the availability of the defense of release in its motion on behalf of Hurst for relief from default in Jackson County, such fact does not establish that the defendant in this case—the insurance company, not Hurst—is foreclosed from defending the suit against *it* by offering evidence of the settlement.

We disagree. Defendant here was obligated to defend Hurst. It did not do so and its failure to do so was not sufficiently justified to cause a trial judge to grant relief from a default judgment. Were we to now hold that the release could be tendered as a defense in *this* proceeding when it was not raised previously, we would be granting the defendant insurance company a second bite of the apple. This thinly-disguised collateral attack on a valid judgment is impermissible. *See Rogue Val. Mem. Hosp. v. Salem Ins.,* 265 Or 603, 510 P2d 845 (1973).

The defendant's second assignment of error relates to the award of attorney fees.

The trial court awarded plaintiff attorney's fees in the amount of $1,500. The award was made pursuant to ORS 743.114. That statute provides:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

Defendant argues that the award was inappropriate because the plaintiff was not the insured. The

wording of the statute is clear, it applies to plaintiff as a judgment creditor of defendant's insured. *See, e.g., Denley v. Oregon Automobile Insurance Co.,* 151 Or 42, 47 P2d 245, 47 P2d 946 (1935); *Whitlock v. U. S. Insurance Association,* 138 Or 383, 6 P2d 1088 (1932); *Groce v. Fidelity General Insurance,* 252 Or 296, 448 P2d 554 (1968). There is a policy obligating defendant to pay the judgment. The obtaining of the judgment against Hurst, once defendant was notified of it, is the equivalent of filing a proof of loss. There was no error.

Affirmed.