Argued and submitted January 23,
affirmed March 17, reconsideration denied April 24,
petition for review denied May 28, 1980 (289 Or 209)

NORTHWEST MARINE IRON WORKS,
*Appellant/Cross-Respondent,*

*v.*

THE WESTERN CASUALTY AND
SURETY COMPANY,
*Respondent/Cross-Appellant.*

(No. 176 787, CA 15121)

608 P2d 199

William R. Miller, Jr., Portland, argued the cause
for appellant/cross-respondent. On the briefs were

Lawrence H. Blakely, and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Jay D. Enloe, Portland, argued the cause for respondent/ cross-appellant. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

A vehicle owned by plaintiff was struck by an automobile owned by an insured of the defendant and operated by Robert Morris. The insured had loaned her vehicle to her brother, who in turn loaned it to Morris on the date of the accident. In an action against Morris plaintiff obtained a money judgment for property damage. Defendant had denied coverage and refused to pay the judgment. After trial to the court in this action, plaintiff was held to be entitled to recover the amount of the judgment from defendant under its automobile liability insurance policy. Plaintiff appeals from a partial summary judgment denying it attorney fees under ORS 743.114.[1] Defendant cross-appeals from the ruling of the trial court that Morris was a permissive user of the vehicle at the time of the accident.

The sole issue in plaintiff's appeal is whether ORS 743.114 applies to judgment creditors. Some Oregon cases have expressed the purpose of this statute or its predecessors as a remedy for the difficulties experienced by insureds or insurance beneficiaries in trying to settle insurance claims. *Heis v. Allstate Insurance Co.,* 248 Or 636, 643-44, 436 P2d 550 (1968); *Schweigert v. Beneficial Life Ins. Co.,* 204 Or 294, 305, 282 P2d 621 (1955); *Dolan v. Continental Casualty Co.,* 133 Or 252, 256, 289 P 1057 (1930); *Murray v. Firemen's Ins. Co.,* 121 Or 165, 172, 254 P 817 (1927). Other cases, without addressing the issue raised here, have simply awarded attorney fees to judgment creditors. *Hardware Mut. Cas. v. Farmers Ins.,* 256 Or 599, 609-12, 474 P2d 316 (1970); *Denley v. Oregon Auto Ins. Co.,* 151 Or 42, 57-58, 47 P2d 245, 47 P2d 946 (1935);

---

[1] ORS 743.114:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxes as part of the costs of the action and any appeal thereon."

*Whitlock v. U.S. Inter-Ins. Ass'n,* 138 Or 383, 391-92, 6 P2d 1088 (1932).

In *Groce v. Fidelity General Insurance,* 252 Or 296, 311, 448 P2d 554 (1969), the statute was interpreted to permit award of attorney fees to assignees of the insured, and the court noted:

> "The statute no doubt was drawn in contemplation of the type of claim ordinarily made by means of a 'proof of loss' form and for one reason or another denied by the insurer. The language of the statute, however, is broad enough to permit recovery of attorney fees in a case of the type we have here."

Because the statute itself contains no restrictions on the definition of a "plaintiff" in "an action brought \*\*\* upon any policy of insurance," we find the language is also broad enough to include judgment creditors.

Defendant asserts that ORS 743.114 allows awards of attorney fees only to third parties having a contractual interest in recovery. That objection is met here, for ORS 743.783[2] requires that every insurance contract contain a clause allowing a judgment creditor to proceed against the insurance company. The policy of ORS 743.114 is to encourage the settlement of insurance claims without litigation and to reimburse a successful plaintiff for attorney costs incurred in enforcing insurance contract obligations. *Chalmers v. Oregon Auto Ins. Co.,* 263 Or 449, 452, 502 P2d 1378

---

[2] ORS 743.783 provides:

"A policy of insurance against loss or damage resulting from accident to or injury suffered by an employe or other person and for which the person insured is liable, or against loss or damage to property caused by horses or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall contain within such policy a provision substantially as follows: 'Bankruptcy or insolvency of the insured shall not relieve the insurer of any of its obligations hereunder. If any person or his legal representative shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person or his legal representatives may proceed against the insurer ro recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.'"

(1972). Here, plaintiff prevailed in obtaining recovery from an insurer on the basis of a policy of automobile liability insurance. We conclude that an award of attorney fees is within the scope of ORS 743.114.

On the cross-appeal, defendant argues that the word "permission" in the omnibus clause of the insurance policy it drafted does not include the concept of implied permission. The effect of that construction would be to preclude policy coverage in this case. Defendant's policy does not require *express* permission as a condition of coverage in cases where the insured vehicle is loaned to another. Any ambiguity in the unrestricted word "permission" in an insurance policy must be resolved against the drafter. *Hardware Mutual Cas. Co. v. Farmers Ins.,* 256 Or 599, *supra* at 608-09. Defendant does not contend that construing the term "permission" to include the concept of implied permission is prohibited by any Oregon authority.

Defendant also contends that there was insufficient evidence of implied permission. In finding that Morris had permission to use the vehicle, the trial court in effect applied the rule that when an owner loans a vehicle to another for general use, and the permittee allows a sub-permittee to operate the vehicle, the use by the latter is within the implied permission of the owner. *See Utica Mutual Ins. Co. v. Rollason,* 246 F2d 105, 110 (4th Cir 1957). The owner of the vehicle here loaned it to her brother without restrictions on its use while his own car was being repaired. The brother in turn loaned it to Morris, a friend of the family. There was evidence that the owner was aware that her brother had been allowing Morris to drive his own vehicle on occasion. Those facts were sufficient to support a finding that Morris had permission to use the vehicle and that, therefore, the policy covered the accident.

The case is remanded for determination of the attorney fees to which plaintiff is entitled.

Affirmed in part; reversed and remanded in part.