On respondent-cross-appellant's petition for attorney fees filed May 11, 1984; on appellant-cross-respondent's objections to petition for attorney fees filed May 25, 1984, petition for attorney fees in trial court denied, petition in Court of Appeals granted with conditions April 3, reconsideration denied May 24, petition for review denied June 18, 1985 (299 Or 313)

## KESSLER,
*Respondent - Cross-Appellant,*

*v.*

## WEIGANDT,
*Defendant,*

## UNITED SERVICES AUTOMOBILE ASSOCIATION,
*Appellant - Cross-Respondent.*

(A8010-05643; CA A24652)

697 P2d 574

Ben C. Fetherston and Haugh & Foote, Portland, for petition.

Mildred J. Carmack, J. P. Graff and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, appeared contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff, the prevailing party in *Kessler v. Weigandt,* 68 Or App 180, 685 P2d 424, *rev allowed* 297 Or 601 (1984), petitions for an award of attorney fees for work done both in the trial court and in this court after the date when defendant United Services Automobile Association (USAA) became a party. He bases his claim on ORS 743.114. We deny the petition for work in the trial court. We allow the petition for work in this court, provided that plaintiff files an amended affidavit in support of the petition within 14 days after the effective date of this decision.

■ Plaintiff was seriously injured in an automobile accident in which defendant Weigandt was the other driver. After negotiations, plaintiff and USAA agreed to settle the claim for the $100,000 limits of USAA's policy insuring Weigandt. However, plaintiff and USAA were unable to agree about whether either the advance payments which USAA had made to plaintiff or the amount of personal injury protection plaintiff had received, and for which USAA was required to reimburse plaintiff's insurer, should be deducted from USAA's policy limits. Plaintiff and USAA therefore stipulated that the court could resolve this issue, and USAA paid plaintiff the undisputed amounts. The trial court ruled that USAA could deduct the advance payments, but not the personal injury protection, from its policy limits and granted judgment accordingly. After the trial court's ruling, USAA was added as a defendant as of the date on which the stipulation was filed. On appeal and cross-appeal, we affirmed the trial court. *Kessler v. Weigandt, supra.*

ORS 743.114 provides in part:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

It is clear that USAA did not settle the case within six months from the date of proof of loss and that plaintiff's recovery exceeded USAA's tender. The issue is whether the action is

"upon any policy of insurance * * *." A judgment creditor that successfully sues its judgment debtor's insurer is entitled to attorney fees under ORS 743.114. *N.W. Marine Iron v. Western Casualty,* 45 Or App 269, 272-73, 608 P2d 199, *rev den* 289 Or 209 (1980); *Rowley v. Dairyland Ins. Co.,* 44 Or App 333, 338-39, 605 P2d 1356 (1980). Here the settlement, the stipulation and the addition of USAA as a party defendant changed the action from one between the injured party and the tortfeasor to one between the injured party and the tortfeasor's insurance company.

The issue plaintiff and USAA presented to the trial court was the extent of USAA's obligation under the insurance contract. USAA agreed to pay its policy limits; at trial and on appeal it argued only about what those policy limits were. After the settlement, the dispute became one "upon [a] policy of insurance," and plaintiff, as the prevailing party, is entitled to his attorney fees unless some other legal requirement defeats his claim.[1]

At the time plaintiff originally filed his complaint, he was required to make an appropriate claim in his cost bill in order to receive an award of attorney fees under ORS 743.114. *Farley v. United Pacific Ins. Co.,* 269 Or 549, 562-63, 525 P2d 1003 (1974). At the time of the trial court's decision, ORCP 68C(2) required an assertion of a right to attorney fees in the party's pleading. Plaintiff complied with neither of those procedures. He is therefore not entitled to an award of attorney fees for work in the trial court.

Plaintiff's petition for attorney fees shows the tasks performed, the total time claimed and the reasonableness of that time and of the hourly rate claimed. It does not distinguish between trial and appellate work, and its compliance with the requirement of ORAP 11.10(1) that it show "the time devoted to each task, its reasonableness, the amount claimed and the reasonableness of the amount claimed" for appellate work is marginal. Nevertheless, plaintiff has made a sufficient

---

[1] USAA argues that, because plaintiff stipulated that the parties had resolved all issues except one, "whether USAA has exhausted its $100,000 policy limits" by its payments, plaintiff has waived its claim to attorney fees. The stipulation covers only the issues previously in dispute; it makes no reference to attorney fees if plaintiff's view of the case were correct. The stipulation is insufficient to be a waiver of the fees issue.

claim in this court to justify an award, but he has not given us adequate detail to determine the amount of the award. We therefore allow his petition for attorney fees in this court, provided that he files, within 14 days after the effective date of this decision an affidavit which will allow us to calculate the appropriate fee. USAA will then have 14 days in which to object to the amount claimed. ORAP 11.10(3).

Petition for attorney fees in trial court denied; petition for attorney fees in this court allowed with conditions.